R. W. Burney, for use, etc.

v.

John B. Hunter et al.

*Judgments—Unauthorized Satisfaction of—Power to Correct Entry—Jurisdiction.*

The Circuit Court of one county has no power, upon a bill filed for that purpose, to cancel or annul an unauthorized satisfaction of a judgment entered in the judgment and execution docket kept by the clerk of the Circuit Court of another county.

[Opinion filed February 14, 1890.]

In error to the Circuit Court of Sangamon County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. Beach & Hodnett and W. B. Jones, for plaintiff in error.

Messrs. Brown, Wheeler & Brown, for defendant in error.

Pleasants, P. J.   In September, 1878, the Circuit Court of Logan County, in an action by Burney against Hunter and

others in which Hunter alone was served with process, rendered a judgment against him by default for $7,101.43 and costs. Plaintiff resided in southwestern Texas. His attorneys were Randolph & Leutz of Logan county. Their partnership was dissolved in January, 1880. Leutz removed to Missouri. Thence he opened negotiations with Hunter, who resided in Sangamon county, Illinois, for a compromise and settlement of said judgment, falsely claiming that he had authority from Burney; and in consummation thereof, on October 2, 1880, received $1,500 in notes, which were discounted by a Springfield bank for $1,350, and on the 6th wrote below the entry of the judgment on the judgment and execution docket as follows: "I hereby enter satisfaction in full of this judgment, October 6, 1880. R. H. Burney, by E. R. Leutz, Att'y for plaintiff." For this he had no authority whatever, in fact or law. Burney had no knowledge or information of it until 1884, Leutz having meanwhile written to him, or rather to his attorney in Texas, from time to time, of his efforts to collect the judgment and prospects of success. Upon discovery of the fraud Burney took such steps as he was advised to right himself, and among other measures was the proceeding now under review.

This was a bill in equity, filed April 16, 1885, to obtain a decree of the Sangamon Circuit Court which should somehow operate to annul the entry quoted. It sets forth with much circumstantial detail the facts above stated, and avers that his said judgment remains in full force and wholly unsatisfied; that he has never ratified said pretended compromise and settlement nor any of the acts of Leutz in that behalf; that it was all done by fraudulent collusion between Leutz and Hunter, or at least that Hunter was grossly negligent in not requiring the production of proper evidence of authority in Leutz, and that the pretended settlement was void and said entry a cloud upon his said judgment. Leutz was defaulted upon proof of service by publication. Hunter filed an answer denying all fraud or collusion on his part, and alleging, upon information and belief, that Leutz had authority from complainant, or an interest in the judgment, which empowered

him to make the settlement; that respondent had a good defense (not particularly stated) to the action in which the judgment was rendered, and employed an attorney who was instructed, but neglected to interpose it. Issue was made up and proof taken and reported by the master; and on final hearing the court made a short decree simply dismissing the bill at complainant's costs. The errors assigned are, the denial of the relief sought and the dismissal of the bill.

We think it unnecessary to refer to the evidence further than to say that in our judgment it fails to show any fraudulent collusion on the part of Hunter, but clearly establishes the charge that the compromise and settlement attempted were wholly unauthorized and fraudulent on the part of Leutz, and therefore void as against Burney. Upon the facts shown, the entry of satisfaction in question was a cloud upon the judgment, so that if the Circuit Court of Sangamon County had power to remove it upon this bill, the errors are well assigned. We see no other question in the case. The scope of the bill is sufficiently shown by the foregoing statement, and the prayer is as follows: "Your orator prays that upon the trial and hearing of this cause the court render a judgment and decree that said compromise of said judgment, made between the defendants E. R. Leutz and John B. Hunter, was on the part of said Leutz made without any power or authority to make it, was made in fraud of your orator's rights, and to cheat, defraud and swindle your orator out of the benefit of his said judgment; that said entry of satisfaction of said judgment was also made without any right, power or authority of said Leutz to make it; that said compromise and the amount paid therefor (if anything was paid) by defendant Hunter, was not any legal or lawful compromise, settlement, payment or satisfaction of said judgment; that said entry of satisfaction was not the act and deed of your orator, and that said compromise and said entry of satisfaction were both made in fraud of your orator's rights, and for the fraud in making them, and the want of authority on the part of said Leutz to make them, and because your orator has never ratified them, are both null, void and of no force or effect as against your ora-

tor; by decree remove the cloud that they cast upon the present validity of said judgment; by decree remove the hindrance that by virtue of said entry of satisfaction is presented to hinder and prevent your orator enforcing his said judgment; by decree order and direct that said entry of satisfaction be annulled, erased, expunged, or such decree as would be tantamount to the same things. Also decree that the said defendant Hunter, because of the trickery and fraud by which· said compromise was procured and said entry of satisfaction made, and the lack of authority on the part of said Leutz to make them, acquired and can maintain no rights as against your orator by virtue of them, or either of them, and that said act shall not be considered as in any wise or to any extent impairing, diminishing or satisfying said judgment. And decree your orator's full restoration to his rights in regard to said judgment, as they would be, had no such pretended compromise or entry of satisfaction been made or attempted. And grant all rules and orders necessary to enable your orator to be 'replaced in possession of all his rights, and all relief, general or special, which to equity belongs and the nature of his case demands," etc.

What the nature of his case demanded, and all it demanded, was the effectual cancellation of the entry complained of; which could be accomplished only by its erasure or by some other matter of like record, which should be notice of its cancellation to all who would see said entry.

But had the Circuit Court of Sangamon County any power or jurisdiction to grant such relief upon this bill? By what officer, agency or machinery under its control could it lawfully and effectually so deal with a book which the statute required to be kept by the clerk of the Circuit Court of Logan County for the purpose therein stated (R. S. 1887, Chap. 25, Sec. 16, No. 4)? Yet this is all the practical relief asked.

The clerk is not made a party. It is not claimed that the bill seeks, or that the prayer embraces, an injunction against the defendants named, or either of them; nor would it, if awarded, have removed the cloud which impaired the market value of the judgment or restrained the action of the clerk or

of any sheriff. The decree asked could not execute itself, nor did it contemplate the intervention of any executive officer. Excepting the relief by actual cancellation of the entry, on the book in which it is made, it would be but a naked declaration of complainant's rights upon facts found. Courts are authorized to find facts and declare rights only in connection with, and with a view to, the exercise of their power to enforce them. We therefore think the bill was properly dismissed— not for want of equity in the case, as stated and proved, but of power in that court to grant the relief required. Complainant was not without remedy, but should have sought it elsewhere.

*Decree affirmed.*