# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

THIRD DISTRICT—NOVEMBER TERM, 1890.

## Allman et al. v. Lumsden et al., Commissioners of Kankakee Drainage District.

1. *Drainage Proceedings—Practice—Appeals.*—An appeal from an order of the County Court annexing lands to a drainage district under Sec. 58 of the act to revise and amend the Drainage Act of May 29, 1879, approved June 30, 1885, (Hurd's Statutes, 1891, p. 571,) is properly taken to the Circuit Court under the general provisions in R. S., Chap. 37, Sec. 122.

2. *Drainage Proceedings—Final Order.*—An order of the County Court annexing lands to a drainage district is a final order, from which an appeal lies.

Memorandum.—Proceedings under the Drainage Act. Appeal from an order of the Circuit Court of Champaign County, dismissing an appeal from the County Court; the Hon. EDWARD P. VAIL, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1890. Opinion filed October 24, 1892.

### APPELLANTS' STATEMENT OF THE CASE.

The Kankakee Drainage District was organized under an act to provide for the construction, reparation and protection of drains, etc., approved May 29, 1879. This act was revised by act approved May 30, 1885, usually called the "Levy Act." The organization was effected in the County Court of Champaign County.

By section 58 of the revised act it is provided that, " any land lying outside the drainage district as organized, the owner or owners of which shall thereafter make connection with the main ditch or drain, or with any ditch or drain within the district as organized, or whose lands are or will be benefited by the work of such district, shall be deemed to have made voluntary application to be included in such drainage district, and thereupon the commissioners shall make complaint in writing, setting forth a description of such land or lands benefited and the amount of benefits.   *   *   *   and file said complaint in the County Court.   *   *   * If the complaint was heard by the County Court in which such district was organized, and judgment given in favor of said district, a record of such judgment, giving a description of such lands annexed shall be made, and such lands described in the complaint in either case, shall be deemed a part of such district and shall be assessed as other lands therein."   *   *   *   Starr & Curtis Stat., 3d Vol., page 202.

The commissioners filed in the County Court their complaint under this section of the statute, alleging that the lands of the appellants were outside of the drainage district but that each owner had made connection with the district ditches and that each tract would be benefited by the work of such district fifty cents per acre, praying that the several owners be made defendants and that on a hearing the said lands may be annexed, etc.

A trial was had and a judgment rendered in favor of the district, by which it was " ordered and adjudged by the court that said lands and each tract thereof described in said original and amended complaint as above described (except a forty-acre tract) be and the same is hereby annexed to and made a part of the Kankakee Drainage District and shall be assessed as other lands herein," etc.

The defendants appealed to the Circuit Court.

The commissioners entered their motion in the Circuit Court to dismiss the appeal, which was allowed.   The defendants prayed an appeal to this court, and assign error in the dismissal of the appeal.

Allman v. Lumsden.

## APPELLANTS' BRIEF.

Does the appeal lie to the Circuit Court?

We claim it does, and that the statutes especially provide for appeals in just such cases. Starr & Curtis, Vol. 1, p. 728, Sec. 240, shows this:

"Appeals may be taken from the final orders, judgments and decrees of the County Courts to the Circuit Courts in all matters except as provided in the following section:" The following section, 241, provides for such appeals as should go to the Appellate and Supreme Courts and the case at bar is not one named in said last section. Hence the appeal should be taken to the Circuit Court as provided in Sec. 240 of this act.

S. R. REED, WM. G. CLOYD, and J. L. RAY & ASPERN, attorneys for appellants.

## APPELLEES' BRIEF.

In Evans v. Lewis et al., 121 Ill. 478, it was held that the legality of the extension of the boundaries of a district so as to take in additional lands can not be inquired into or questioned by a bill in chancery. The proper remedy is by writ of *quo warranto*. The case is where the legality of the corporation was questioned in a collateral manner. Yet the court there held that the only remedy was by *quo warranto*. So in Blake v. People, 109 Ill. 504. In none of these cases has the Supreme Court intimated that the remedy was by appeal or writ of error. In Lees v. Drainage Commissioners, 125 Ill. 49, it was held that *certiorari* would not lie, and that the only remedy was by *quo warranto*.

WILLIAM B. WEBBER, attorney for appellees.

OPINION OF THE COURT, *the Hon. George W. Pleasants, Judge.*

This was a proceeding in the County Court under section 58 of the act to revise and amend the drainage law of May 29, 1879, approved June 30, 1885, and known as the Levy

Act, Hurd's Stat., 1891, p. 571, which section provides that the owners of any land lying outside the drainage district as organized, who shall thereafter make connection with any ditch or drain within it, or whose lands are or will be benefited by the work of such district, shall be deemed to have made voluntary application to have them included in it; and thereupon the commissioners shall make a complaint in writing for that purpose, setting forth a description of such lands and amount of benefits, the names of the owners and a description of the drain or ditch making connection with those of the district, and file it in the County Court or with a justice of the peace, who shall then fix a day for the hearing, of which the commissioners shall give such owners ten days' notice in writing, embracing a copy of the complaint, and at the time so fixed or at a time to which it may then be continued, the court or justice shall hear the cause; and if it is heard in the County Court and judgment is given in favor of the district, a record of such judgment, with a description of such lands annexed, shall be made, and they shall be deemed a part of such district and be assessed as other lands therein.    The assessment of benefits against them may be made at any time the commissioners may deem proper, and the assessment roll thereof shall be filed and recorded and proceedings thereon had as in other cases; or they may be assessed when all lands throughout the district are assessed.

Kankakee Drainage District was organized by proceedings in the County Court of Champaign County under this act. The commissioners filed the complaint herein against appellants April 30, 1890, and upon trial had in the County Court, judgment was given in favor of the district, by which it was ordered that the lands described in said complaint (excepting a certain forty-acre tract mentioned) was annexed to and made part of said district, to be assessed as other lands therein; and that the clerk record the plat referred to as part of the record of the court.

From this judgment the respondents appealed to the Circuit Court, where on motion of the commissioners the appeal

was dismissed and judgment entered against respondents for costs. By further appeal they bring the record to this court, and by the assignment of errors present two questions: first, whether the judgment of the County Court was subject to appeal, and second, if so, to what court.

On behalf of appellees it is contended that the judgment of the County Court was merely interlocutory. This is argued upon the assumption that the judgment in question stands upon the same footing with the order provided for in section 16, which confirms the report of the commissioners upon the petition for the organization of the district and establishes the same with the boundaries designated. No provision is made for an appeal from that order specifically, but the same section proceeds to direct that upon its entry the court shall impanel a jury to assess the damages and benefits; and the following sections prescribe the proceedings upon such assessment, down to section 25, which provides for an order confirming it, and then that "appeals or writs of error shall be allowed therefrom as in cases of appeals from and writs of error to the county courts in proceedings for the sale of lands for taxes or special assessments." It is said that no land owner is hurt by the establishment of the district including his land, according to section 16, nor until its assessment is confirmed by the order entered pursuant to section 25, and therefore no right of appeal is given from the former, but is from the latter; and that since the judgment under section 58, here involved, only operates, like section 16, to include the respondents' land in the district, and does not *per se* burden it with any assessment or liability, no appeal should be held to lie from it.

We are inclined to agree that no appeal lies directly from the order under section 16. Not because we think it not subject to review by appeal, however, but because it is interlocutory only. The end contemplated by the proceeding and by the statute is the drainage of lands for agricultural, sanitary and mining purposes, and to that end the establishment of drainage districts by the order under section 16, is made a means.

That order designates the lands to be benefited by the proposed work and therefore to be assessed for it, and·the agents under whose direction it is to be constructed. But the end is not reached until these agents are empowered and put in position to command the money required to pay for the damage to be done to other lands and the labor to be performed in and by its construction. This is accomplished by the provisions for the ascertainment of that damage and for the assessment of the lands benefited; the final order, in the nature of a judgment for the amount assessed, being the order under section 25 confirming the assessment. Hence, as we have seen, by the provision of section 16 itself, upon the entry of the order establishing the district, the proceeding goes on without break or delay to the "assessment of damages, or damages and benefits, as the case may be." This proceeding is commenced by the petition under section 2, and ended so far as the court is concerned, by the order of confirmation under section 25. The sections following, down to 58—the one here under consideration—direct as to the payment, collection and application of the amount ascertained by the confirmed assessment, and provide for some incidental proceedings in connection therewith, which are analogous in character to those relating to executions on money judgments in ordinary actions at law and to proceedings thereon; but the confirmation of the assessment is the final judgment. Hence, no appeal lies directly from the order establishing the district, but it is subject to review like other interlocutory orders, upon exception thereto duly taken and preserved, on appeal from the final judgment, which is expressly given.

We are of opinion, however, that the order here in question does not stand on the same footing with·that made under section 16, for the reason that it is made under a different proceeding, and one of which it is not an incident, but the end; a proceeding which may be taken before a different tribunal from that in which the district is organized; which is commenced, not by a petition of land owners, but by a complaint of the drainage commissioners, and against

Allman v. Lumsden.

persons not parties to that in which the order under section 16 is made, and the appeal under section 25 allowed, and which involves no question that can arise in the other. It may be commenced long after the judgment under section 25 is rendered and the time for appeal therefrom is past. The order in favor of the district under section 58 grants all the relief sought by the complaint, and ends all proceedings thereon. It is true that the object of the annexation thereby made is to subject the lands so annexed to assessment as part of the district, but the object of this particular proceeding is annexation of the land, and when that is adjudged the proceeding is ended. Being thus final, both in the order and in the effect of this particular proceeding, that adjudication is subject to appeal.

The appeal must lie either to the Supreme, the Appellate or the Circuit Court. This was an appeal from an order of the County Court annexing lands of appellants to the drainage district. It would not lie to the Supreme Court under Sec. 25 of the Drainage Act, which provides for such appeal only from an order confirming an assessment. The other cases in which it lies to the Supreme or Appellate Court are indicated in Hurd's R. S., 1889, Ch. 37, Sec. 123, (p. 435), the Practice Acts, Sec. 88, (p. 1023), and the Appellate Court Act, Sec. 8, (p. 414), and it seems quite clear that this appeal does not come within any of these descriptions. We need to refer particularly only to two cases "involving a freehold," appealable to the Supreme Court, and "any suit or proceeding at law, or in chancery" other than those excepted in the Appellate Court, appealable to that court.

No freehold is here involved. The legality of the incorporation of the drainage district is not and can not be here questioned, because the proceeding for the annexation of these lands is collateral to that in which the district was incorporated. Blake v. The People, 109 Ill. 516, and cases there cited.

Nor is this a "suit or proceeding at law or in chancery" within the meaning of the act referred to. The right here

claimed by the commissioners has no likeness to anything known as a right at common law or in equity. It is created and given wholly by the statute. So, of the proceedings and remedy. We know of no precedent for any such pleading or judgment in the report of any case in any court of law or chancery that was not wholly authorized and provided by statute. It is therefore unlike the case of the Union Trust Co. v. Trumbell, 23 N. E. Rep. 355.

We hold that this appeal would not lie to the Supreme or Appellate Court and was properly taken to the Circuit Court under the general provision in Ch. 37, Sec. 122; Drainage District v. Kelsey, 120 Ill. 482.

For the error in dismissing it, the order of the Circuit Court is reversed and the cause remanded.