## Henry Streuter et al. v. The Willow Creek Drainage District.

1. RES JUDICATA—*The Doctrine Applies Only to Cases Where the Precise Question Involved was Previously Decided.*—Before a judgment or decree in one suit can operate as an estoppel in another suit, it must appear upon the face of the record, or be shown by extrinsic evidence that the precise question involved in the latter suit was raised and determined in the former.

2. DRAINAGE—*Addition of Lands to Drainage District—Res Judicata.*—An order of a county court establishing a drainage district and fixing its boundaries is a final adjudication as to all the lands mentioned in the petition on which the order is granted, but does not bar future proceedings to add to such district other lands not included in the original petition.

3. SAME—*Addition of Lands to Drainage District—Benefits.*—The object of the levee and drainage act is to reclaim lands from overflow, whether it comes from the natural lay of the land, or whether it is produced by back water, and if the work of a district protects lands from overflow, then they are directly benefited, and may be annexed and required to share in the burden imposed as well as in the benefits gained, and whether such lands were left out of the drainage district as originally organized, by mistake or accident, or whether the benefits were not or could not be anticipated is immaterial.

4. SAME—*Addition of Land to Drainage District—How Secured.*— It is not necessary that the owners of lands sought to be annexed to a drainage district should take any action themselves, as the law provides that persons whose lands are benefited shall be deemed to have volun-

tarily made application to be included in such district, and directs how the commissioners shall proceed to have such lands included.

5. APPEALS AND ERRORS—*In Proceedings Under the Drainage Act.*— An appeal from an order of the County Court annexing lands to a drainage district is properly taken to the Circuit Court.

6. COSTS—*In Proceeding to Annex Lands to a Drainage District.*— The taxation of costs in proceedings to annex lands to a drainage district is a matter resting in the discretion of the court, and this court will not interfere with the exercise of such discretion unless there has been a plain and palpable abuse of it. And in this case the taxation of costs against the district is held not to authorize the interference of this court.

7. SAME—*Apportionment of.*—On an appeal by four persons from an order of a county court annexing certain lands to a drainage district, one of the appellants was successful, and judgment was entered against the district for one-fourth of the costs of the appeal. *Held*, that although the interest of such party in the suit may not have been as great as that of the other parties concerned, that as the costs were made jointly and as there were no data to determine what items of costs were made by each, the court was justified in entering judgment against the district for one-fourth of the costs.

Petition, asking to have certain lands annexed to a drainage district. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

OWEN P. THOMPSON and CHARLES A. BARNES, attorneys for appellants.

MORRISON & WORTHINGTON, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court of Morgan County adding certain lands of the appellants to the Willow Creek Drainage District.

The Willow Creek Drainage District was created by an order of the County Court of Morgan County on the 5th day of December, A. D. 1892, under what is known as the "Drainage and Levee Act." The lands included in such district were located in township 16 north, ranges 12 and 13 west of the 3d P. M. The lands involved in this controversy were not included in the petition filed asking to have this district organized, nor in the order establishing the

same, nor were the owners' names mentioned. It was averred in the petition that the necessity of such drain was that the lands adjacent thereto and those benefited thereby were substantially useless without it; that the purpose of this drainage was the widening and deepening of Willow Creek, and of a lateral ditch running south from such creek, and of a lateral ditch running north from such creek, and the deepening and widening of such other lateral ditches as the commissioners of such proposed district might direct. This district comprised about 2,800 acres of low land between what is termed the Meredosia Bluffs and Meredosia Bay (a back water of the Illinois river near the town of Meredosia), that lies on both sides of Willow Creek. This district comprised all the lands that naturally drained toward and into Willow Creek.

The lands of appellants by this proceeding sought to be added to this drainage district are the east half of north east quarter of section eleven, which begins one-half mile north of Willow Creek, and the southwest quarter of the southwest quarter of section one, which lies one mile from the creek. Both these tracts belong to appellant Streuter, and the southeast quarter of section two, which lies directly west of the last named tract, and belongs to appellant Hilligg, and the northwest of the southwest of section one is directly northwest of the Streuter tract, and is owned by the appellant Webber. The most distant of these lands is only about one and one-fourth miles from the creek where it touches the section line between sections eleven and fourteen. As to all the land except a ridge on the west side of appellant Streuter's east half of northeast quarter of section eleven, there is a gradual and unobstructed fall from Willow Creek to and over appellant's lands. The surface of the ground on the bank of the creek is about three feet higher than the natural elevation of the ground at the corner of sections one, two, eleven and twelve, where the lands of appellants come together. The water sometimes flowed from Willow Creek to and over the lands of appellants two or more feet deep.

The commissioners of the Willow Creek Drainage District in February, 1894, commenced the work of deepening and widening Willow Creek, and connecting the lateral drains, and completed the same in June, 1894.

They dredged out Willow Creek by the use of a dredge boat for a distance of about four and one-half miles. and a depth of eight feet below the surface of the ground, and a width of twenty feet at the top and not less than ten feet at the bottom. The main lateral drains opened directly into Willow Creek, but certain of the smaller side drains had a trap constructed at the point where they entered the main channel, and when the creek was high the trap would close so the water would not run back on the lands, and as the water in the creek would run down the trap would open and allow the water on the inside to flow out. In the construction of this work the commissioners expended about $9,000.

The Willow Creek Drainage District Company, by its commissioners, filed the petition in this case in the County Court of Morgan County in January, 1896, against the appellants and one Henry Kuhlman and others, under the provisions of Chap. 42, Sec. 58 of Hurd's Rev. Stat., to have certain lands annexed to the Willow Creek Drainage District that are owned by them lying outside of the present boundaries of such district; that such lands have been and will be benefited by the drainage work of such district, and in fact that such lands are now drained by the ditch constructed by said ditch.

The appellants and Henry Kuhlman, their co-defendant in this proceeding in the County Court, answered the petition, denying among other things that any of their lands were drained by the ditch of such drainage district, or that they will be benefited by the work of the district, and alleging that they had perfected a ditch of their own to drain their lands not connected with the Willow Creek Drainage District, and would receive no benefit by having their lands annexed to such district. Upon a hearing of the case in the County Court the prayer of the petition was granted

and the appellants and Henry Kuhlman took the case to the Circuit Court of Morgan County by appeal.

Upon a hearing in that court the order of the County Court was affirmed except as to Henry Kuhlman; as to him the petition was dismissed and the lands of appellants were added to the district.

The appellants bring the case to this court by appeal.

The counsel for the respective parties concede there is no substantial disagreement as to the facts.   The first contention on behalf of the appellants is, " That when the County Court entered its order establishing the Willow Creek Drainage District, and fixed the boundaries of the same, including all the lands that would be benefited thereby, such order became a final adjudication upon that question and no other lands can be added thereto."

In applying the rule of *res adjudicata*, which the appellants invoke in this case, in order that the decree of the County Court establishing the Willow Creek Drainage District should operate as an estoppel, it must appear upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in that proceeding.   Sawyer v. Nelson, 160 Ill. 629.   These appellants were not parties to that proceeding or suit; the land mentioned and described therein as being benefited did not include their lands now sought to be added to the district.

In that proceeding one of the questions presented was, will the lands in the proposed district be benefited?   In this proceeding it is, have the lands sought to be added to the district been benefited, and will they hereafter be benefited by the construction of the work of such district? The decree of the County Court settled the questions as to the lands being benefited that were mentioned therein, but not as to those not mentioned.   There was no question raised as to whether these lands were benefited or not. The precise questions now raised as to the lands sought to be added to the district were not mooted then.   Russell v. Place, 94 U. S. 606.

The second contention of appellants is that this case does

not fall within the clause of Sec. 58, Chap. 42, R. S., which provides that "any land lying outside the district as organized, the owner of which shall thereafter make connection with the main ditch or drain within the district as organized, or whose lands are or will be benefited by the work of such district, shall be deemed to have made voluntary application to be included in such district."

It is not claimed and the evidence does not show that the appellants ever made any connection with the main ditch or drain in the district as organized. The contention of the appellee is, that appellants are clearly within the clause of the statute which provides that those whose lands lie without the district as organized, and whose lands are or will be benefited by the work of such district, shall be deemed to have made voluntary application to be included in such drainage district.

Counsel for appellants in construing this statute makes a distinction between "direct" and "indirect" benefits, and contends, as the work of the drainage district only prevents the land of appellants from overflow, consequently the benefits are "indirect." This contention is not sustained by the statute nor is it sound in principle. The very object of the "Levee and Drainage Act" is to reclaim lands from overflow, whether it comes from the natural lay of the land, or whether it is produced by back-water. If the work of the district protects the lands of appellants from overflow, then they are benefited.

Prior to the organization of the Willow Creek Drainage District, Willow Creek was the drain for a large scope of country. It had become so filled up with drift and otherwise, that, at points, the bottom was higher than the natural surface of the ground, and in case of freshets, being a short stream, gathering the waters from bluffs, it would rise rapidly, and a large portion of the country was flooded, including the lands of appellants, which, at times, were overflowed two or more feet. Since the construction of the drains and ditches of the district, these lands of appellants are free from this overflow, and are benefited by

the work of the district.   These benefits are substantial, and the direct result of the work of the district.

If this case does not fall within that clause of Sec. 58 of Chap. 42 which provides for annexing lands lying outside the district organized, which are, or will be, benefited by the work of the district, then it would seem it could serve no useful purpose.

If the language of the statute is construed according to the ordinarily accepted meaning of the words used, its construction is free from difficulty.   It is simply a provision to annex lands lying outside the district as organized that are or will be benefited by the work of such district.   The limitations are first as to lands lying outside the district as organized, and second, as to the lands that are benefited by the work of the district.   Whether they were left out by mistake or accident, or whether the benefits were not or could not be anticipated, is not material.   The question is, are they, or will they be benefited; if so, then they should be annexed and share in bearing the burden imposed as well as in reaping the benefits gained.   This seems to be the clear intent of the legislature.

It is suggested by counsel for appellants that the owners of lands to be annexed to a district already organized, ought voluntarily to do something themselves.   That they should be the moving agent, and not the district.   The legislature, however, anticipating that there might be some persons whose lands were benefited by the work of the district who would be willing to enjoy these benefits without sharing the burdens, and who would not care to become the voluntary moving agents to have their lands so benefited annexed to said district, provided that such persons whose lands were so benefited shall be deemed to have voluntarily made application to be included in such drainage district.   The act then provides how the commissioners of the drainage district shall proceed to get the owners of the land so benefited into court, and have such lands included in such district.   This provision of the statute clearly answers the objection suggested by appellant's counsel.

The first cross-error assigned by appellee is that the Circuit Court erred in overruling appellee's motion to dismiss the appeal of appellants from the County Court of Morgan County. This error is disposed of by the opinion of this court in the case of Allman v. Lumsden, 48 Ill. App. 17, in which it was held such appeal would lie.

The second cross-error assigned by appellee is that the Circuit Court erred when the court found for the defendant, Henry Kuhlman, in that court, and entered judgment against the appellee for one-fourth of the costs incurred in the Circuit Court in said cause.

The costs made by the defendants in the Circuit Court were made by them jointly. Under the issues the same witnesses were used by each, and although Kuhlman's interest in the suit may not have been as great as his co-defendants', that would not lessen his expenses in procuring the attendance of witnesses and other court expenses. Kuhlman was successful in the Circuit Court and was entitled to recover his costs, not only in the Circuit Court but in the County Court. He was wrongfully made a party. As the costs were made jointly, and there were no data to determine what items of cost were made by each, the court was justified in entering judgment for him for one-fourth of the costs, and we hold there was no error in entering a judgment for one-fourth of the costs incurred in the Circuit Court against appellee.

The third cross-error is the Circuit Court erred in rendering judgment against appellee for all the costs incurred in said cause in the County Court.

Upon the hearing of this cause in the County Court, when the proceeding was commenced, the court found all the lands sought to be included in the district are or would be benefited by the work of the district, and entered an order annexing them to the district as organized; of the defendants only the appellants and Henry Kuhlman brought the case to the Circuit Court by appeal.

A hearing on the appeal was had in the Circuit Court without the intervention of a jury, and the Circuit Court

found for Henry Kuhlman and dismissed the proceeding as to him, and for his lands mentioned in the petition, and affirmed the order of the County Court as to appellants and their land.   This was in effect a partial affirmance of the order of the County Court.

The taxation of costs in this proceeding was a matter resting in the discretion of the Circuit Court, and this court will not interfere with the exercise of such discretion unless there has been a plain and palpable abuse of it.   Lovell v. Sny. I. L. Drainage District, 159 Ill. 188; Spear v. Drainage Com'rs, 113 Ill. 632; Lee v. Quirk, 20 Ill. 392.   We do not think there has been such an abuse of this discretion by the Circuit Court that would authorize us to interfere with it.

The order of the Circuit Court is affirmed.