## In Re the Petition of William McCaleb, in the Matter of the Coon Run Drainage and Levee District.

1. APPEALS—*Under Sec. 58 of the Levee Act.*—The only appeals allowed by law under section 58 of the levee act are to the Supreme Court, where the confirmation of special assessments is involved, and to the Circuit Court in other cases, where the orders are of a final character.

In Re Petition of William McCaleb.

**Petition to Set Aside Order of Approval of Report of Commissioners of Drainage District.**—Appeal from the County Court of Morgan County; the Hon. Charles A. Barnes, Judge presiding. Heard in this court at the May term, 1902. Dismissed. Opinion filed November 1, 1902.

J. M. Riggs, attorney for appellant.

Worthington & Reeve, attorneys for appellee.

Mr. Presiding Justice Wright delivered the opinion of the court.

Strueter and Purnell, two of the commissioners of Coon Run Drainage District, made a report to the County Court under section 41 of the levee act, concerning drainage, which was by the court approved July 31, 1901, after which and at the ensuing December term of the County Court the appellant, McCaleb, the other commissioner, filed his petition alleging wherein the report of the commissioners was wrong, and taking exceptions thereto, in which he asked the court to set aside the order of approval and for a further hearing upon such report; the court sustained a demurrer to the petition and entered its final order dismissing it, from which order appellant obtained and perfected the present appeal to this court.

A motion has been entered in this court to dismiss the appeal herein for the reason, as has been alleged and argued, that such appeal does not lie from the County Court to this court, but only to the Circuit Court. It is objected by the counsel for appellant that the motion has not been made by the proper parties. If we have no jurisdiction of the appeal, it will subserve no good purpose to discuss the question who in fact are the interested parties, Strueter and Purnell, or the drainage district, for the purpose of making such motion. If this court is without jurisdiction of the subject-matter of the appeal and another court had such jurisdiction, we would be required to dismiss it of our own motion.

In Allman et al. v. Lumsden et al., 48 Ill. App. 17, where an order was made by the County Court annexing lands to the district under the provisions of section 58 of the same

act, this court held that the appeal from such an order was direct to the Circuit Court and not to this court; that the only appeals under the act in question allowed by law are to the Supreme Court where the confirmation of special assessments is involved, and to the Circuit Court in other cases, where the orders are of final character. We are unable to perceive any reason for prosecuting the present appeal to this court, when the one in the case cited would not lie. The reasoning applies alike to both cases. The appeal should have been taken to the Circuit Court, and it will be dismissed.