## Jennie M. Mathias v. Thomas H. Mathias.

1. PRACTICE—*Nature of Bill of Review.*—Bills of review are in the nature of writs of error filed in the same court where the decree in the original cause was entered, calling upon the court to review and reverse the former decree.

2. SAME—*Bill of Review Must be Brought in the Court Where Decree Was Rendered.*—The inflexible rule is that both a bill of review proper and an original bill in the nature of a bill of review, must be brought in the same court in which the decree sought to be reviewed was rendered.

3. SAME—*Application to File a Bill to Review a Decree Affirmed in the Supreme Court.*—An application to file a bill to review a decree affirmed in the Supreme Court, must be made to the court of chancery where the decree was originally rendered, and not to the Supreme Court.

4. SAME—*Power of Courts of Concurrent Jurisdiction Over Orders and Decrees of Other Courts of Like Jurisdiction.*—Courts of concurrent jurisdiction can not set aside or modify the orders and decrees of other courts of like jurisdiction.

5. CHANCERY PRACTICE—*Modes in Which a Decree May be Reviewed for Alleged Error.*—Under the chancery practice as it exists in this state there are four modes in which a decree may be reviewed for alleged error, and upon such review changed or reversed, and these are, first, by a rehearing in the court of chancery that heard the case; second, by a bill of review in the chancery court in which the original proceeding and decree were had; third, by an appeal to an appellate tribunal; and fourth, by a writ of error from an appellate tribunal.

6. COURTS—*Superior and Circuit Courts of Cook County.*—The constitution recognizes two courts of general jurisdiction in Cook County— the Circuit and Superior Courts. Each court has its own clerk, who is responsible to it, and not to any other court of co-ordinate jurisdiction. Each has its files, records and proceedings, which are before that court, and which can not be controlled, altered or reversed by any other court of co-ordinate jurisdiction.

7. SAME—*Consent Does Not Confer Jurisdiction.*—Where the controversy is over a question of jurisdiction, the consent of parties which is or may be implied from the filing of an answer and going into the hearing, is immaterial. Consent does not confer jurisdiction.

Mathias v. Mathias..

**Divorce.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS. Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded with directions. Opinion filed December 11, 1902.

June 8, 1898, appellee, in the Circuit Court of Cook County, obtained a decree of divorce from appellant for desertion, upon service by publication. March 10, 1900, appellant entered her appearance in said court and cause, and filed her answer and a cross-bill for separate mainte-nance. Upon the hearing a decree was entered June 19, 1900, by which the bill was dismissed for want of equity, and appellant was granted a separate maintenance, the cus-tody of her child, and the payment of $75 solicitor's fees, payable direct to her solicitor.

April 18, 1901, appellee filed in the Superior Court of Cook County a bill of review, praying, among other things, that the decree of June 19, 1900, be reviewed and reversed and no further proceedings taken thereon, and that he might have such other and further relief, etc.

Appellant objected to the jurisdiction of the Superior Court by motion and by demurrer, each of which was over-ruled. Issues were then joined and a hearing had. No-vember 4, 1901, a decree was entered setting aside the separate maintenance decree of the Circuit Court, and granting appellee a decree of divorce upon the original bill, and giving to appellant $25 per month for alimony and the custody of her child.

From such decree the appellant perfected this appeal.

JAMES HARVEY HOOPER, attorney for appellant.

MANN & MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

We are met at the threshold of this case by the question : Can a bill of review be filed in the Superior Court of Cook County to reverse a decree entered in the Circuit Court of Cook County ?

The law is that such a bill must be filed in the court where the original decree was entered.

" Bills of review are in the nature of writs of error filed in the same court where the decree in the original cause was entered, calling upon the court to review and reverse the former decree." Griggs v. Gear, 3 Gilm. 10.

" The inflexible rule is that both a bill of review proper and an original bill in the nature of a bill of review, must be brought in the same court in which the decree sought to be reviewed is to be rendered." Windett v. Conn., etc., Ins. Co., 27 Ill. App. 71.

An application to file a bill to review a decree affirmed in the Supreme Court must be made to the Court of Chancery where the decree was originally rendered, and not to the Supreme Court. Schaefer v. Wunderle, 154 Ill. 577.

" Under the chancery practice, as it exists in this state, there are four modes in which a decree may be reviewed for alleged error, and upon such review changed or reversed, and these are : First, by a rehearing in the court of chancery that heard the cause; second, by a bill of review in the chancery court in which the original proceeding and decree were had; third, by an appeal to an appellate tribunal; and fourth, by a writ of error from an appellate tribunal." Allerton v. Hopkins, 160 Ill. 451.

A bill of review is similar to proceedings upon a *sci. fa.* to revive judgment or to have execution. In these instances the proceedings must be brought in the court in which the original judgment is of record. In such a case as the present it would probably be necessary for the chancellor to examine the files and records of the Circuit Court. He has no power to order them brought before him, so long as he sits as a chancellor in the Superior Court. Neither has he any control over the clerk of the Circuit Court (that clerk not being a party to this bill), which would enable him to punish that officer for failure to obey his commands. Courts of concurrent jurisdiction can not set aside or modify the orders and decrees of other courts of like jurisdiction. (Dodge v. Northrop, 85 Mich. 243.) Any other supposition is a legal absurdity. (Burney v. Hunter, 32 Ill. App. 441.)

" A review and reversal by one court of the judgment of

another co-ordinate court, would be a marvel in the law. Under such a practice the parties could go on reviewing to the end of time." Parish v. Marvin, 15 Wis. 247.

Any other rule than that such a bill must be filed in the court that rendered the original decree, would enable parties, when dissatisfied with the opinion of one chancellor, as seems to be the case here, to try their chances with another, upon the same questions. Thus collisions between different chancery courts would arise, and the administration of justice would be obstructed. Anderson v. Bank, 37 Tenn. 661.

Suppose the bill contains allegations which forbid it to be filed except " with leave of the court." To what court must the application be made? Unquestionably to the court wherein the original decree was entered. (Way v. Hillier, 16 Ohio, 108.) Nor would this rule work any hardship upon the petitioner. If he have any grounds for equitable relief, the chancery court where the cause is pending is the proper forum, and he will there find his remedy.

Counsel for appellee cite many cases to the effect that the Superior Court is a Circuit Court; that the difference in name is but a matter of convenience; and that Superior judges are Circuit judges, and both courts possess the same powers and exercise the same jurisdiction.

Let all this be conceded, and yet it does not fully answer the question under discussion. The constitution recognizes two courts of general jurisdiction in Cook county—the Circuit and Superior Courts. (Art. VI, Secs. 23 to 27, inclusive.) Each court has its own clerk, who is responsible to it, and not to any other court of co-ordinate jurisdiction. Each has its files, records and proceedings, which are before that court, and which can not be controlled, altered or reversed by any other court of co-ordinate jurisdiction.

In Dodge v. Northrop, 85 Mich. 243, Hancock v. Hutcherson, 76 Va. 609, and Fenske v. Kluender, 61 Wis. 602, in each case the two courts were of co-ordinate jurisdiction in all respects, and yet it was held that the bill of review must be filed in that court wherein the original record remained.

Where a party appeals from a judgment rendered by a justice of the peace to the Superior Court, and by mistake the papers are filed in the Circuit Court, this will not give the latter court jurisdiction, for the reason that "There was no jurisdiction here, in the Circuit Court, because the appeal was to a different court, and the papers were filed there by mistake." Wadhams v. Hotchkiss, 80 Ill. 437. These two courts have the same powers and the same jurisdiction as to subject-matter and as to territory, but they are separate courts and distinct entities.

Our conclusion is that the Superior Court had no jurisdiction to sit in review of, and to alter or to reverse the decree entered and remaining in the Circuit Court.

This being a question of jurisdiction, the consent of parties which is or may be implied from the filing of an answer and going into the hearing, is immaterial. Consent does not confer jurisdiction.

Having found that the Superior Court was without jurisdiction in this case, we have no right to consider the merits.

The decree of the Superior Court is reversed, and the cause is remanded with directions to dismiss the bill.