EMMA W. SCHAEFFER

*v.*

JAMES BURNETT, Exr.

*Opinion filed April 17, 1906.*

CERTIORARI—*writ cannot issue from circuit court to county court sitting in probate.* Section 68 of the Administration act, providing that appeals from orders of the county court rejecting or allowing claims against estates may be taken to the circuit court "in the same time and manner appeals are now taken from justices of the peace to the circuit courts," refers to appeals only, and does not authorize the circuit court to issue a writ of *certiorari* to the county court in such cases.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

This is a petition for a statutory writ of *certiorari* from the circuit court to the county court sitting in probate, directing said court to send up the record and proceedings upon the hearing of a claim of the petitioner, plaintiff in error herein, against the estate of Matthew Beer, deceased. The claim upon hearing was disallowed, and judgment rendered against plaintiff in error, who prayed an appeal, which was allowed upon her filing a bond with a surety in the sum of $400.00 within twenty days. Plaintiff in error undertook to procure the necessary bond and perfect the appeal, but she was unable to do so, because, as alleged in her petition, of the illness and death of her mother, who was sick during the entire twenty days, and died on the morning that period expired. Plaintiff in error then applied to the circuit judge, in vacation, for a writ of *certiorari* under the statute to remove the case to the circuit court. The writ was granted, and the record sent up according to the mandate thereof. In the circuit court the executor, defendant in error herein,

filed a motion to quash the writ. The court sustained the motion and quashed the writ, and gave judgment against the petitioner for costs, from which judgment she took an appeal to the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court, and the present writ of error is prosecuted from such judgment of affirmance.

W. E. BYERS, for plaintiff in error.

A. M. BARNETT, and M. P. RICE, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In deciding this case the Appellate Court, speaking through Mr. Justice Puterbaugh, expressed the following views:

"The leading question presented by this appeal is whether or not the statutory writ of *certiorari* sought to be invoked by appellant, is authorized by section 68 of the statute entitled 'Administration,' which reads as follows: 'In all cases of the allowance or rejection of claims by the county court as provided in this act, either party may take an appeal from the decision rendered, to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security to be approved by the county judge, and such appeal shall be tried *de novo* in the circuit court.' (1 Starr & Curt. Ann. Stat.—2d ed.— p. 300).

"It is contended by the appellant that under the foregoing section the statutory writ may issue to the county court the same as to justices of the peace; that the words, 'same time and manner,' as used in said section, refer to appeals taken by *certiorari* from judgments of justices.

"Paragraph 115 of the Justices and Constables act provides that 'appeals from judgments of justices of the peace

\* \* \* to the circuit or county court \* \* \* shall be granted in all cases except on judgments confessed. \* \* \* The party praying for an appeal shall, within twenty days from the rendition of the judgment from which he desires to take an appeal, enter into bond with security to be approved and conditioned as hereinafter provided, in substance as follows: Which bond may be filed in the office of the justice of the peace rendering said judgment, or with the clerk of the court to which the appeal is taken.' (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2436).

"Paragraph 185 of said act provides that 'the judges of the courts, to which appeals may be taken, shall have power within their respective jurisdictions, and it shall be their duty upon petition made as hereinafter mentioned, to grant writs of *certiorari* to remove causes from before justices of the peace, into their courts, who shall endorse an order for the same upon the petition of the party praying such writ; and on producing the same to the clerk of the court he shall issue said writ in conformity to the provisions of this act.' Paragraph 186 provides that 'the petition for writ of *certiorari* shall set forth and show, upon the oath of the applicant or his agent, that the judgment, \* \*· \* in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consists, and that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.' (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2477).

"Appellant's contention is predicated upon the theory that at the time of the adoption of the statute upon administration, of which the foregoing section is a part, there was in force a general act establishing county courts in which it was provided that 'appeals may be taken from and writs of *certiorari* prosecuted upon its judgments, in the manner prescribed by law, in case of similar judgments rendered by the probate court;' (Laws of 1849, p. 62;) that, by the stat-

ute of 1845, it was provided that appeals from probate justices of the peace might be taken, and writs of *certiorari* prosecuted upon their judgments, in the same manner as from judgments of justices of the peace; that section 68 of the present statute, above quoted, should be read in connection with the acts of 1845 and 1849 referred to; that the statutory writ of *certiorari* being but another mode of taking an appeal, the word 'appeal' in section 68 should be held to include appeals by means of the writ of *certiorari*. It is contended that any other construction would be absurd because no reason for the repeal of a remedy once provided by statute appears, or in fact, exists; that it could not have been the object or intention of the legislature to abolish this important remedy in this kind of cases without supplying it with something equally effective, and further that such contrary construction would frequently result in gross injustice and inconvenience.

"We regard appellant's position as untenable. The legislature by omitting from the present statute, the express provision for writs of *certiorari,* must have thereby intended to abolish it as applied to probate courts. No other intention can be gathered from the act, nor can it be otherwise construed without doing violence to the general rule for construction of statutes, that the words used are to be read in their popular, natural and ordinary sense, giving them a meaning to their full extent and capacity, unless there is a reason upon their face to believe that they were not intended to bear that construction.

"In the construction of statutes it is within the province of courts to determine, from the words used, what was intended by the legislature, and, in so doing, resort may be had to former and other existing laws; but where the language used is clear and unambiguous, and there is no room for construction, no duty devolves upon courts to determine or speculate as to the motives impelling legislative action. Whether or not a statute is productive of injustice, inconvenience, is

necessary, or otherwise, are questions with which courts, as such, have no concern.

"We are of the opinion that the provisions of section 68, *supra*, are applicable to judgments of justices of the peace only, and that the circuit court properly quashed the writ for want of jurisdiction of either the subject matter, or appellee, who appears only for the purpose of questioning such jurisdiction.

"The foregoing views render the remaining questions raised and argued unimportant in this case, and it is therefore unnecessary that the same should now be discussed or determined.

"The judgment of the circuit court will be affirmed."

We concur in the views above expressed, and adopt the same as the opinion of this court. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*