## Rasmus Knudsen et al., Plaintiffs in Error, v. Lawson C. Houghton et al., Defendants in Error.

### Gen. No. 5395.

1. CERTIORARI—*when writ lies.* Certiorari lies to review the action of an inferior tribunal only; it is essential for the issuing of the writ that it must be from a superior to an inferior tribunal, one having a reviewing or superseding power.

2. CERTIORARI—*when, writ does not lie.* The remedy by *certiorari* to review the proceedings of an inferior tribunal will not lie when a remedy by appeal is provided and no reason is shown why such remedy had not been availed of.

3. CERTIORARI—*when Circuit Court without jurisdiction to issue.* The Circuit Court having concurrent jurisdiction with the County Court has no jurisdiction to issue writs of *certiorari* to review the proceedings of the County Court in organizing a drainage district.

4. APPELLATE COURTS—*when without jurisdiction.* The Appellate Courts have no jurisdiction to pass upon constitutional questions; until the Supreme Court has found to the contrary an act of the legislature must be assumed to be constitutional.

*Certiorari.* Error to the Circuit Court of Bureau county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1910. Writ dismissed. Opinion filed March 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

JAMES J. CONWAY and W. K. TRIMBLE, for plaintiffs in error.

GEORGE S. SKINNER and JAY L. SPAULDING, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On July 7, 1909, there was presented to the County Court of Bureau county a petition under the act entitled "An Act to provide for drainage for agricultural and sanitary purposes" in force June 1, 1885, asking for the organization of a special drainage district embracing certain lands in the towns of Manlius, Concord, Gold and Mineral in said county. There-

after such proceedings were had, that on November 6, 1909, a final order was entered by the County Court organizing "The Hickory Creek Special Drainage District, County of Bureau, State of Illinois." On January 8, 1910, Rasmus Knudsen and others, landowners within the Special Drainage District, filed in the Circuit Court a petition, praying for a common law writ of *certiorari,* to cause the record of the organization of such district to be certified to the Circuit Court for review, and if on inspection such proceedings be found to be illegal, that the same be quashed. The court ordered the issuance of the writ. The respondents filed a transcript of the record and files of the organization of the district. The Circuit Court, on inspection of the record and proceedings, found the proceedings were legal, that the County Court had not exceeded its jurisdiction and that there was no want of jurisdiction either in person or in subject-matter and rendered judgment that the writ of *certiorari* be quashed. The petitioners have sued out a writ of error to review the judgment of the Circuit Court.

The defendants in error, the commissioners of the drainage district, have entered a motion in this court to dismiss this writ of error, for the reason that the writ of *certiorari* cannot be invoked when there is a direct remedy by appeal, and that the statute gives an appeal directly from the County Court to the Supreme Court, and therefore neither the Circuit Court nor this court has jurisdiction to review the proceedings of the County Court in drainage matters.

In 1909, the legislature passed "An Act to give Circuit Courts of this state and the Superior Court of Cook county, in term time, and the judges thereof, in vacation, concurrent jurisdiction with the County Court, in all matters pertaining to the organization of farm drainage districts, and farm drainage and levee districts, and the operation thereof, and to (repeal all acts in conflict herewith)." The first two sections

thereof give the Circuit Courts "concurrent jurisdiction with County Courts in all matters pertaining to the organization of farm drainage and levee districts and the operation thereof" with that theretofore had by County Courts alone under the farm drainage and levee acts. The third section provides: "Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court." The fourth section repeals all acts or parts of acts in conflict therewith. Session Laws, 1909, p. 171. This act took effect June 5, 1909, before anything had been done towards the organization of the district in question. Prior to the passage of this act the County Court had exclusive original jurisdiction in such matters, and it was held that appeals from the County Court in such matters went to the Circuit Court under section 122 of the County Court act. Myers v. Newcomb Drainage District, 245 Ill. 140, which was a case pending in the Supreme Court at the time of the passage of the act of 1909.

*Certiorari* lies to review the action of an inferior tribunal only; it is essential for the issuing of the writ that it must be from a superior to an inferior tribunal; one having a reviewing or superseding power. Bell v. Mattoon Water Works Co., 235 Ill. 218; Comrs. of Drainage District v. Griffin, 134 Ill. 330; 4 Ency. Pl. & Pr. 80.

The remedy by *certiorari* to review the proceedings of an inferior tribunal will not lie, when a remedy by appeal is provided and no reason is shown why such remedy had not been availed of. Wright v. Highway Commissioners, 150 Ill. 138; Hegenbaumer v. Heckenkamp, 202 Ill. 621; Schaeffer v. Burnett, 221 Ill. 315; Trustees of Schools v. Shepherd, 139 Ill. 114.

By the act of 1909, the Circuit Courts are given concurrent jurisdiction with the County Courts, and appeals from the final orders of either Circuit of County Courts are provided for to the Supreme Court. The

Circuit Court properly quashed the writ issued by it, for the reason it had no right to issue the writ to a court of concurrent jurisdiction; it is immaterial that it quashed the writ on a hearing upon the merits. This court is not concerned with the reason given for such action; it is the judgment of the Circuit Court that is here for review and not its logic. Plaintiffs in error contend that that part of the act of 1909 providing for appeals is unconstitutional for the reason the question of appeals is not mentioned in the title. This court cannot pass on that question and must assume it to be constitutional until the Supreme Court has held otherwise. It follows that the Circuit Court not having jurisdiction to issue the writ of *certiorari* to the County Court in a question involving the organization of a drainage district, this court has no jurisdiction and the writ of error is dismissed.

*Writ dismissed.*