**Mackinaw Drainage District, Appellant, v. Joseph Martin et al., Appellees.**

### Gen. No. 7,861.

COURTS—*jurisdiction of circuit court of appeal from order of county court in proceedings under the Levee Act.* Under Cahill's St. ch. 37, ¶ 151, the circuit court is without jurisdiction to entertain an appeal from an order of the county court sustaining legal objections to a petition under Cahill's St. ch. 42, ¶ 56, to annex outside territory to a drainage district.

Appeal by plaintiff from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed July 13, 1926.

A. M. HESTER and W. W. WHITMORE, for appellant; STELLA E. WHITMORE, of counsel.

CHARLES M. PEIRCE, KENNEDY & KENNEDY, MILES K. YOUNG and HALL, MARTIN, HOOSE & DE PEW, for appellees; THOMAS KENNEDY, of counsel.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of McLean county dismissing for want of jurisdiction an appeal to that court taken by appellant drainage district from an order of the county court sustaining legal objections to appellant's petition un-

der section 58 of the Levee Act [Cahill's St. ch. 42, ¶ 56] to annex outside territory to its district.

The only question presented by this record is the construction of section 3 of the Act of 1909 [Cahill's St. ch. 37, ¶¶ 149-153], entitled "An Act to give circuit courts of this State, and the superior courts of Cook county, in term time, and judges thereof in vacation, concurrent jurisdiction with the county courts, in all matters pertaining to the organization of farm drainage districts, and farm drainage and levee districts, and the operation thereof, and to [repeal] all Acts in conflict herewith." Section 3 [Cahill's St. ch. 37, ¶ 151] provides: "Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court."

Appellant does not question in any manner the constitutionality of the Concurrent Jurisdiction Act, or any part thereof, but does challenge the interpretation given to section 3 of the Act, by the court below, in construing said section as applying to appeals from final judgments arising under the Levee Act and particularly under section 58 of the Act, providing for the annexation of outside territory, and in construing said section as applying to appeals other than those provided for in section 16 [Cahill's St. ch. 42, ¶ 17], relating to the organization of districts, and section 17b [Cahill's St. ch. 42, ¶ 20], relating to the assessment of benefits and damages by a jury.

In 1907 the legislature first passed the act providing for the concurrent jurisdiction of the circuit courts with the county courts in all matters pertaining to the organization of farm drainage districts and farm drainage and levee districts and the operation thereof (Session Laws 1907, p. 220), but in said act there was no provision made as to appeals. Originally, the only provision for an appeal in the Levee Act was contained in section 25, providing that the assessment roll, when corrected upon objections or otherwise, and confirmed

and spread upon the records, should be subject to appeal, and that appeals and writs of error should be allowed therefrom, as in cases of appeal from or writs of error to the county courts in proceedings for the sale of lands for taxes or special assessments. In 1907, section 25 of the Levee Act was repealed and under section 16 of the Act, as revised in 1907, it was provided that the organization of a drainage district should not be attacked in any collateral proceeding or any assessment for benefits or damages except by a quo warranto proceeding.

In 1909 the legislature revised the Levee Drainage Act and by section 16 of the Act provided that appeals might be taken to the Supreme Court from the judgment organizing the district, and by section 17b it was provided that appeals might be prosecuted to the Supreme Court from judgments entered upon the verdict of a jury, fixing and determining the assessments of benefits and damages, as in cases of appeals or writs of error to county courts in proceedings for the sale of lands for taxes or special assessments. This revision of the law contained an emergency clause and was approved and went into effect on May 29, 1909. At the same session the legislature rewrote the Concurrent Jurisdiction Act and included the superior court of Cook county with the circuit court and included section 3 providing:

"Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court."

This act contained an emergency clause and was passed, approved and went into effect June 5, 1909. While the Levee Drainage Act was silent upon the subject of appeals other than the provisions that have been set out, appeals have been recognized under the general statute allowing appeals from final orders of the county court to the circuit court (Rev. Stat. ch. 37, sec. 122, Cahill's St. ch. 37, ¶ 321). *Allman v. Lums-*

*den,* 159 Ill. 219, affirming the same case 48 Ill. App. 17; *Streuter v. Willow Creek Drain. Dist.,* 72 Ill. App. 561; and *In re McCalib's Petition,* 105 Ill. App. 28. Appellant contends that the two acts having been passed at the same session of the legislature, sections 16 and 17b of the Revision Act providing for appeals to the Supreme Court, in two separate instances only, and the Concurrent Jurisdiction Act, clothing the circuit and superior courts with the same jurisdiction and power to hear and determine causes under the Drainage Act, as held and exercised by the county courts, that section 3 of the later act must be construed as authorizing appeals and writs of error from judgments in the circuit and superior courts only to the extent as authorized by sections 16 and 17b in the Revision Act from the judgments of the county courts; and appellant insists that that was the intent of the legislature in passing section 3 of the later act and that any other construction of section 3 renders the Concurrent Jurisdiction Act unconstitutional in that it provides for appeals and repeals by implication, provisions of the Levee Act, which are subjects not within the title of the Act and contravenes section 13 of article 4 of the Constitution.

We cannot agree with appellant in placing this construction upon section 3. The constitutionality of the act in question has been passed upon and all phases of the subject covered in *Kline v. Barnes,* 250 Ill. 404, and the act, including section 3, declared valid, and with this holding appellant does not contend but raises the question as to the interpretation of the act.

Two acts passed at the same session of the legislature are not to be construed as inconsistent, if it is possible to construe them otherwise, but where it is impossible to give effect to both acts, the latest in point of time will prevail. The Concurrent Jurisdiction Act, including section 3, being the later act, if inconsistent with the Revision Act, will be held to have been in-

tended to repeal the former act. (*People v. Illinois Cent. R. Co.,* 295 Ill. 411.) Under this rule effect should be given to appellant's interpretation of section 3, if it is possible to do so. Under the Concurrent Jurisdiction Act of 1909 the circuit and county courts have concurrent jurisdiction in the matter of organizing levee drainage districts, and the court first acquiring jurisdiction of particular territory will retain it to the end of the proceedings to the exclusion of the other. (*Lingle v. Adams,* 259 Ill. 522.) Concurrent jurisdiction is that jurisdiction exercised by different courts at the same time, over the same subject matter and within the same territory and wherein litigants may, in the first instance, resort to either court indifferently. (*Hercules Iron Works v. Elgin, J. & E. Ry. Co.,* 141 Ill. 498.) Since the county court and circuit court have concurrent jurisdiction in all matters pertaining to drainage districts, it would be improper to take an appeal from one court to the other on drainage matters, as a controversy once decided by a court having jurisdiction cannot be reviewed by another court of concurrent jurisdiction. (*Mathias v. Mathias,* 104 Ill. App. 344, affirmed in 202 Ill. 125; *Parrish v. Ferris,* 67 U. S. 606, 17 L. Ed. 317; *Knudsen v. Houghton,* 160 Ill. App. 440.) In *Knudsen v. Houghton, supra,* the question was squarely raised in a drainage case on a writ of certiorari from the circuit to the county court, and it was held that writs of certiorari only issued from a superior to an inferior tribunal and that, under the statute, the circuit and county court having concurrent jurisdiction of the subject matter, the circuit court had no jurisdiction to issue the writ. The same rule holds as to appeals. In the very nature of things, an appeal is only allowed from an inferior to a superior tribunal and, under this statute, an appeal from the circuit to the county court would be as fully justified as the rule contended for by appellant. There can be no appeal from one court to another court of equal,

co-ordinate and concurrent jurisdiction of the same subject matter.

While it may be that heretofore the particular question involved has not been precisely presented in the same manner, it is true that in a long line of cases including: *Gar. Creek Drain. Dist. v. Wagner*, 256 Ill. 338; *Sangamon & D. Drain. Dist. v. Eminger*, 257 Ill. 281; *Inlet Swamp Drain. Dist. Com'rs v. Gleim*, 272 Ill. 551; *Inlet Swamp Drain. Dist. Com'rs v. Cooper*, 274 Ill. 77; *Sangamon & D. Drain. Dist. Com'rs v. Houston*, 284 Ill. 406; *Inlet Swamp Drain. Dist. v. Mehlhausen*, 291 Ill. 459; and *Minnie Creek Drain. Dist. v. Nation*, 315 Ill. 332, and other cases involving section 58 of the Levee Act, the Supreme Court of this State has recognized and granted appeals and writs of error directly from and to the various county courts of this State, so that we may fairly infer that the interpretation of this statute, contrary to appellant's contention, has become the settled law of the State.

One of the appellees filed a plea as to the jurisdiction of the circuit court, to which appellant demurred and by the record the demurrer is shown to have been sustained, and this appellee has assigned cross error upon the ruling on the demurrer. The pleas amounted to no more than motion to dismiss the appeal and as the appeal was dismissed we see no occasion to consider this assignment of error. For the reasons stated, the judgment of the circuit court of McLean county is affirmed.

*Affirmed.*