## Wytheville.

### HANCOCK v. HUTCHERSON AND WIFE.

#### August 3, 1882.

1. EQUITABLE JURISDICTION—*Bill of review—Appeal.*—One court cannot review the decree of another court upon a bill of review. Acts 1872-3, ch. 395, § 6, p. 383, gives the circuit court no such jurisdiction over the final decrees of the county courts, and only removed from the latter to the former such causes at law and in chancery as were pending on the day the act took effect. The only remedy is an appeal from the decree of the county court.

2. IDEM—*Idem—Errors in law—Errors in judgment.*—On bill to review decree for error in law, the error must appear on the face of the decrees or orders or proceedings in the cause, arising on facts either admitted by the pleadings or stated as facts in the decrees. But if the errors be errors of judgment in the determination of facts, such errors can be corrected only by appeal. *Rawlings' Ex'or* v. *Rawlings and als.*, 1 Matthews, 75 Va. p. 88. The evidence cannot be looked into in order to show that the decree is erroneous in its statement of facts.

3. IDEM—*Case at bar.*—In 1871, county court, in chancery suit of husband and wife against her former guardian for settlement, decreed that the defendant should not in that case be charged with Confederate money, which, without any fault of his, became worthless in his hands, nor with the scaled value thereof. In May, 1879, by leave, the husband and wife filed in the circuit court of same county, their bill to review the said decree for errors on its face. The defendants demurred to and answered this bill; but in 1881 the circuit court reversed said decree. The female plaintiff was married on 15th February, 1872, and arrived at the age of twenty-one years on 6th February, 1876.

HELD:

    1. The decree of the county court was final, and the circuit court had no jurisdiction to review it upon a bill of review.

    2. The cause was not pending on 1st July, 1873, in the county court, and hence was not removed to the circuit court by the act 1872-3, ch. 395, § 6, p. 383.

3. Had there been jurisdiction to review, there was no error in law on the face of the decree of the county court.

4. Had there been both jurisdiction and error in law on the face of the decree, the right to file a bill of review in this case was barred by limitation, more than three years having elapsed between the arrival of the female plaintiff at twenty-one years of age and the filing of the bill of review.

5. Her marriage during her minority could not aid her cause, as it is a well settled principle that one disability cannot be tacked on to another to avoid the operation of the limitation to any proceedings at law or in equity.

Appeal from decree of circuit court of Franklin county, pronounced 2d March, 1881, in the suit of George T. Hutcherson and Cleopatria, his wife, against Abram B. Hancock. In April, 1871, Cleopatria Hancock, a minor, filed a bill in the county court of Franklin county, by B. P. Hancock, her next friend and guardian, against said A. B. Hancock, who who had been her guardian, for final settlement. Defendant filed his answer, and the usual accounts were taken. In August, 1871, a final decree was pronounced, directing the defendant to pay to the plaintiff the sum of $17.18, with interest from 4th January, 1869, and her costs. She was married on 15th February, 1872, and her coverture still continues. She arrived at twenty-one years of age on 6th February, 1876. On 16th May, 1879, her husband and she filed, in the circuit court of said county, their bill to review the said decree for error in law upon its face. Defendant demurred to and answered the bill of review; but the circuit court reversed the said decree, and ascertaining the defendant's indebtedness as guardian to the female plaintiff to be $377.88, with interest from 4th January, 1869, directed him to pay to the plaintiffs that sum, with its interests and the costs of the suit. Thereupon the defendant obtained an appeal to this court.

*J. A. Early,* for appellant.

*Flournoy & Barksdale,* for appellees.

ANDERSON, J., delivered the opinion of the court.

This is a plain case for reversal. The bill of review was filed in the circuit court of Franklin county to review a final decree of the county court, in a cause of which it had full and complete jurisdiction. One court cannot review the decree of another court unless special jurisdiction is given to it by statute. The act of assembly taking away jurisdiction of the county courts in civil suits at common law and in equity does not give to the circuit courts jurisdiction to review the final decision of the county court in any cause upon a bill of review. The only remedy provided for the party who feels himself aggrieved is by appeal or writ of error. The act of assembly referred to—Session Acts of 1872–73, ch. 395, § 6, p. 383—only provides for the removal of such causes at law and in chancery as were pending in the county court on the day this act takes effect, of which said court had no jurisdiction under this act.

There was no error of law upon the face of the decree which could be corrected by a bill of review. The doctrine on this subject is well settled by this court in the case of *Rawlings' Ex'or* v. *Rawlings and als.* (1 Matthews, p. 88), Judge Burks delivering the opinion. Taking the facts to be as stated in the decree or admitted in the pleadings, it must appear that the court erred in point of law. You cannot look into the evidence in the case in order to show that the decree is erroneous in its statement of facts. If the errors complained of be errors of judgment in the determination of facts, they can be corrected only by appeal.

If the circuit court had jurisdiction to entertain a bill of review to a decree of the county court, and the errors assigned were such as could be corrected on a bill of review, the bill of review was not filed in time. The statute provides that "no bill of review shall be allowed to a final decree unless it be exhibited within three years next after such decree." (Code of 1873, ch. 175, § 5, p. 1127.) It appears on the face of the bill that the decree sought to be reviewed was a final decree, entered by the county court on the 8th day of August, 1871, in a suit instituted therein by the plaintiff by her next friend against A. B. Hancock, her guardian. And from the record of the proceedings in the circuit court that the bill of review was filed on the 16th day of May, 1879, eight years and over nine months after said final decree was pronounced. The bill then showed upon its face that it was not allowable under the statute, unless it was allowable under the saving in favor of an infant, a married woman, or an insane person. The bill alleges that the plaintiff was born on the 6th of February, 1855, and consequently was twenty-one years of age on the 6th of February, 1876. Under the saving of the statute, she was allowed three years to file her bill of review after her disability was removed—that is, three years after the 6th of February, 1876. But she did not file it until the 16th of May, 1879, which was more than three years. But she was married to George T. Hutcherson on the 15th of February, 1872, and the coverture continued until after the bill of review was filed in the name of her husband and herself, and probably still exists. But it is a well-established principle that one disability cannot be tacked on to another to avoid the limitation to any proceeding in law or equity; in support of which principle 1st Robinson's Practice (new), pp. 608-9-10, is cited by appellant's counsel.

All these objections appear upon the face of the bill of

review, and were subject to the demurrer to the bill, in which the plaintiffs joined, and they present, as a whole or singly, sufficient ground, in the opinion of the court, for the dismissal of the plaintiffs' bill of review. We are of opinion, therefore, upon the foregoing grounds, to reverse the decree of the circuit court with costs, and to dismiss the plaintiffs' bill.

DECREE REVERSED.