THE LAND MORTGAGE CO. v. FAULKNER.

1. FINDINGS OF FACT.—Under the well established rule of this Court, the findings of fact of the Court below in this case affirmed.
2. IBID.—CON. 1895, ART. V., SEC. 4, construed not to change the well settled rule of this Court in passing upon questions of fact in chancery cases, with the exception that it is forbidden to disturb the findings of a jury upon issues, unless the verdict be set aside. MR. JUSTICE GARY *dissenting*.

Before TOWNSEND, J., Edgefield, August, 1895. Affirmed.

The following is the decree of the Circuit Judge upon the motion of plaintiff to have the sale set aside, the attorney for plaintiff being the purchaser at foreclosure sale:

The master in above cause having heretofore, on August 3d, 1895, filed his report, in which he says that the tract of land described in the complaint herein was sold by him on salesday in February, 1893, and was bid off by the plaintiff for the sum of $804, and in which he reports that plaintiffs have not complied with the terms of sale. The plaintiff thereupon moved before me, upon affidavits accompanying the motion, and upon all the pleadings and proceedings in said cause, to have the sale of the lands described in the said pleadings set aside and vacated, and a resale ordered. After hearing the affidavits submitted in behalf of the motion and the affidavits submitted in opposition thereto, and after hearing Allen J. Green, Esq., in favor of the motion, and Sheppard Bros. to the contrary, it does not appear to me the plaintiffs are entitled to have said sale set aside and resale of the property ordered. Wherefore it is ordered, the motion be refused. Further ordered, that plaintiffs forthwith comply with the terms of said sale.

From this order plaintiff appeals on following exceptions:

1. Because it appears from the evidence before his Honor that the bid of the plaintiff was made in pursuance of an agreement with the son of defendant, for the purpose of enabling defendant to repurchase said land upon stipulated terms, and was a part of said agreement, which agreement defendant has repudiated.

2. Because defendant, having repudiated the agreement, his Honor should have held that plaintiff's action in the premises was induced either by fraud or mistake practiced upon them by the son of defendant, professedly in the interest of defendant, and the parties should have been placed in the position they occupied previous to the bidding.

3. Because it appears from the evidence that the plaintiff

was fraudulently induced to bid the amount at which the property was struck off.   a.  In that the sole purpose of R. L. Faulkner in running the said property up was to make plaintiff bid the full amount due under decree.   b.  In that the said R. L. Faulkner was unable financially to comply with his bid.

*Messrs. John T. Sloan, Jr., Allen J. Green,* and *Halcott P. Green,* for appellant.

*Messrs. Sheppard Bros.,* contra.

Jan. 3, 1896. The opinion of the Court was delivered by MR. JUSTICE GARY.   The following statement of facts appears in the case: This is an action for the foreclosure of a mortgage of real estate, situate in Edgefield County, and asking for a sale of the mortgaged premises, and a judgment for the deficiency, and was begun in the Court of Common Pleas for Edgefield County on the 6th day of November, 1892.   The defendant having made default on the 14th day of December, 1892, judgment of foreclosure and sale was duly rendered by said Court; the amount due to plaintiff on the 12th day of December, 1892, was found to be $734.04, and in default of the payment of this amount, with interest and costs, on or before the 1st day of January, 1893, the said mortgaged premises were ordered sold by the master for Edgefield County on salesday in February, 1893, upon the following terms: "One-half cash, the balance in one year, with interest from day of sale; unpaid purchase money to be secured by bond of the purchaser, and mortgage of the premises sold.   Purchaser to have option of paying all cash."   Pursuant to a clause in the said mortgage, the dwelling on said land was insured for $600, and the policy of insurance assigned, as additional security to the plaintiff, as its interest might appear; and prior to said sale this dwelling was burned; the loss with the insurance company has been adjusted at $300.   The said lands were offered for sale by said master on salesday in February, 1893, being

the 6th day of the month, pursuant to said decree, and at such sale were knocked down to plaintiff's attorneys at $804. Thereafter plaintiff's attorneys offered to settle the matters involved upon the basis claimed by them, and the defendant denying that there was any agreement in the matter, the negotiations failed, and plaintiff's attorneys caused the master to report noncompliance with bid, and moved before the Court, on notice, and the papers therein mentioned, for a resale of said premises.

The other facts in this case will appear from the order of his Honor, Judge Townsend, and plaintiff's exceptions, which will be set out in the report of the case.

The exceptions only involve questions of fact, and after a careful consideration of them, we see no grounds, under the well established rule of this Court, for reversing the findings of the Court below.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.

MR. CHIEF JUSTICE MCIVER. This is a petition of rehearing in this case, which was heard, or rather submitted, on the 29th day of November, 1895, and the decision filed on the 3d day of January, 1896. The grounds upon which this application is based are set forth in the petition for a stay of the *remittitur*, and for a rehearing, a copy of which should be incorporated in the report of this decision.

The point raised by the third paragraph of the petition, which seems to be the first ground upon which the application is based, has been considered and determined adversely to the view contended for by petitioner, in the recent case of Middleton & Ravenel v. Tabor & Willard and others, in which the opinion was filed on the 20th day of March, 1896. The second point raised by the petition, as we understand it, is, that the "well settled rule of this Court," upon which the opinion of this Court was based, has been abrogated by the present Constitution, and that this Court erred in not reviewing and passing upon the

question of fact, as well as the law, as required and commanded by the Constitution.

The position taken in this ground is susceptible of two answers.   1st. The provisions of the present Constitution do not apply to the present case.   2d. If it could be held that they did apply, they do not effect any change in the law so far as the point here under consideration is concerned. First. In sec. 11 of art. XVII., subdivision 8, of the present Constitution, it is declared, that it "shall be in force and effect from and after the 31st day of December, in the year 1895," which was after this case was finally submitted for decision, and after the commencement of the term at which this case was submitted and decided.   It is true, that the opinion, announcing the reasons for the decision, was not filed until the 3d of January, 1896, after the present Constitution had gone into effect, but that cannot affect the present question.   For in the case of *Aultman* v. *Utsey*, 35 S. C., 596, it was held, upon the authority of *Keep* v. *Leckie*, 8 Rich., 164, "that where a party dies after a final hearing of his cause, and before the actual rendition of the judgment, such judgment may be entered *nunc pro tunc*, as of the first day of the term at which the final hearing was had, notwithstanding the death of the party during the time taken by the Court for deliberation, and before the final conclusion has been announced."   To the same effect see Freeman on Judgments, sec. 56–59, and *Mitchell* v. *Overman*, 103, U. S. Rep., 62.   The principle upon which these authorities rest is conclusive of the question presented in this case.

Second. But even if it could be held otherwise, we do not understand that the present Constitution has effected any such change in the law as is supposed by the petitioner. The provision in the Constitution of 1868, art. IV., sec. 4, reads as follows: "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a Court for the correction of errors at law, under such regulations as the General Assembly may by law prescribe;"

while the provision of the present Constitution, in art. V., sec. 4, is that the Supreme Court "shall have appellate jurisdiction only in cases of chancery, and in such appeals they shall review the findings of fact as well as the law, except in chancery cases, where the facts are settled by a jury and the verdict not set aside, and shall constitute a Court for the correction of errors at law under such regulations as the General Assembly may by law prescribe." Now, as we understand it, one of the distinctive differences between the hearing of a case on appeal and on writ of error is, that under the former the appellate tribunal may review the whole case, and all the questions, both of fact and of law, presented therein, while in the latter it is confined to a review of such errors of law as may be pointed out in the record. So that while in the former Constitution the term "appeal," which implies a review of the facts as well as the law only, was used, in the present Constitution the same term was used, and its meaning declared in accordance with the settled law, with the important exception, however, that it should not extend to a review of the facts found by a jury, even in a chancery case, unless their verdict has been set aside. It seems to us that the real object of the change of phraseology in the present Constitution was to impose an obligation upon the Supreme Court to accept as final the facts found by a jury in a chancery case, unless their verdict had been set aside. It would require very different language from that found in the present Constitution to satisfy us that its framers intended that our books of reports should be loaded down with elaborate discussions of questions of fact, which could not possibly afford precedence in future cases. When a question of fact has been determined by an intelligent, disinterested, and experienced Circuit Judge, that certainly affords a reason for believing that his conclusion is correct; and it is incumbent upon the appellant to assume the burden of showing error therein, and unless he sustains that burden, the conclusion of the Circuit Judge should stand. We are entirely satisfied, therefore,

that, in any view of the case, there was no error in applying the well settled rule in the decision of this case.

The judgment of this Court is, that the petition for a rehearing be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.

MR. JUSTICE GARY. I concur in the result only, as, in my opinion, the framers of the new Constitution intended that the Supreme Court should decide the facts in a chancery case, arising thereunder, by the preponderance of the evidence and not by the rule heretofore prevailing—that the Circuit decree would not be reversed unless it was without any testimony to support it or manifestly against the weight of the evidence.