## THOMAS H. MATHIAS
### v.
## JENNIE M. MATHIAS.

*Opinion filed April 24, 1903.*

1. BILLS OF REVIEW—*a bill of review must be filed in the court where decree was rendered.* A bill to review a decree must be filed in the court wherein the decree sought to be reviewed was rendered, although one judge may review a decree rendered by another judge of the same court.

2. SAME—*superior court cannot review decree of circuit court.* The superior court of Cook county has no jurisdiction to review a decree rendered by the circuit court of said county, since they are different courts, notwithstanding the scope of their jurisdiction may be the same.

*Mathias* v. *Mathias,* 104 Ill. App. 344, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

MANN & MILLER, for appellant:

The superior court of Cook county is a circuit court. The difference in name is but a matter of convenience. Superior court judges are circuit judges, and both courts possess the same powers and exercise the same jurisdiction. Const. of 1870, art. 6, sec. 23; *Jones* v. *Albee,* 70 Ill. 34; *Hall* v. *Hamilton,* 74 id. 437; *Samuel* v. *Agnew,* 80 id. 553; *Railway Co.* v. *Railroad Co.* 112 id. 589; *Berkowitz* v. *Lester,* 121 id. 99; *People* v. *Raymond,* 186 id. 407.

JAMES HARVEY HOOPER, for appellee:

A bill of review must be filed in the court wherein the decree complained of was pronounced. 2 Beach on Modern Eq. Pr. sec. 863.

Bills of review are in the nature of writs of error, filed in the same court where the decree in the original cause

was entered, calling upon the court to review and reverse the former decree. *Griggs* v. *Gear*, 3 Gilm. 2.

*Wadhams* v. *Hotchkiss*, 80 Ill. 437, was an appeal prayed from a justice to the superior court of Cook county. By mistake the justice filed the papers and had the cause docketed in the circuit court of Cook county. The Supreme Court held there was no jurisdiction in the circuit court, because the appeal was to a different court.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The parties hereto are husband and wife. The appellant, the husband, filed a bill in chancery in the circuit court of Cook county for a decree of divorce. The charge was the appellee had willfully and without any reasonable cause deserted and abandoned him for more than two years prior to the filing of the bill. Service was obtained by publication, and on the 8th day of June, 1898, a decree was entered in the said circuit court of Cook county granting a divorce to the appellant. Afterwards, and within the time allowed by the statute for that purpose, the appellee appeared in the said circuit court and upon her petition was permitted to file her answer to the said bill for divorce and to be heard touching the matter of said decree, in pursuance of the provisions of section 19 of chapter 22 of the Revised Statutes, entitled "Chancery." She was also permitted to file a cross-bill for separate maintenance. Upon the hearing of the issues thus made upon the bill for divorce and the cross-bill for separate maintenance, the said circuit court, on June 19, 1900, entered a decree dismissing the bill for divorce for want of equity, and finding that the appellee was living separate and apart from her husband without her fault, and ordering that she be awarded the custody of their child and that her husband should pay to her the sum of $50 per month as and for her separate maintenance. Subsequently the appellant filed in the superior court of Cook county a bill of review, praying that the decree

entered in the circuit court June 19, 1900, be reviewed by said superior court and be reversed for errors alleged to be apparent upon the face of the record of the proceedings in the said circuit court, and also because of newly discovered evidence. The appellee, by motion and by demurrer, objected to the jurisdiction of the said superior court to review and reverse the decree entered in the circuit court, but the superior court ruled that it possessed jurisdiction and proceeded to a hearing of the cause, and entered a decree finding that there was error apparent on the face of the decree which the circuit court had entered denying the appellant a decree of divorce and awarding the appellee separate maintenance, and decreed that such decree of the circuit court should be reversed, and entered a decree granting to the husband a divorce but awarding the child of the parties to the custody of the appellee, and requiring the appellant to pay to the appellee the sum of $25 per month for the care, maintenance and support of the child. The Appellate Court for the First District reversed this decree of the superior court and directed the superior court to dismiss the bill of review. A further appeal has brought the judgment of the Appellate Court before this court for review.

The judgment of the Appellate Court is correct and must be affirmed. The superior court of Cook county was without jurisdiction to entertain a bill to review and reverse a decree which had been entered in the circuit court of that county. Whether the jurisdiction of the two courts is in every respect the same need not be here considered, for different courts, though having the power to exercise the like original jurisdiction, do not possess power to revise and review the judgments and decrees of each other. The circuit court of Cook county and the superior court of that county are recognized by the constitution as different tribunals. (Const. of 1870, art. 6, sec. 23.) The constitutional provision as to the time of

the election of the judges of the different courts is not the same. (*People* v. *Knopf*, 198 Ill. 340.) The constitution provides that each of said courts shall have a chief justice, who must be selected from the judges of each of such courts, respectively. (Const. of 1870, art. 6, sec. 24.) The statute fixes different periods for the holding of the terms of the two courts. (Rev. Stat. chap. 37, par. 53, entitled "Courts.")

In *Wadhams* v. *Hotchkiss*, 80 Ill. 437, an appeal was prayed from the judgment of a justice of the peace of Cook county to the superior court of that county, but by some inadvertence the transcript was filed in the office of the clerk of the circuit court of said county and the cause was docketed on the record of the circuit court, and it was insisted that the circuit court acquired jurisdiction of the appeal by the filing of the transcript in that court. We held that the circuit court did not so acquire jurisdiction, for the reason that the appeal was not to the circuit court "but to a different court,"—the superior court. They are separate and distinct courts, each having its own chief justice, its judges, its clerk, its seal, its time for convening its terms, its files and its records. Neither court has power or authority over the clerk, the seal or the records of the other. Neither has revisory power over proceedings had in the other, and the judgments and decrees entered in either of such courts cannot be altered or reversed by the other of said courts. Each judge of either of said courts may entertain a bill to review a decree entered by any other judge of the same court, but no judge in either court has power to revise or review a judgment or decree entered by the court of which he is not a member, or by any other circuit court in the State. A bill to review a decree in chancery can only be filed in the court wherein the decree sought to be reviewed was pronounced. (*Allerton* v. *Hopkins*, 160 Ill. 448; 3 Ency. of Pl. & Pr. 573; 2 Beach on Mod. Law of Eq. Pr. sec. 863; *Hancock* v. *Hutcherson*, 76

Va. 609.) One court cannot review the decree of another court, even though both courts have concurrent original jurisdiction. A bill of review must be filed in the court where the record of the decree remains and where the decree was pronounced. *Dodge* v. *Northrup*, (Mich.) 48 N. W. Rep. 505; *Fenske* v. *Kluender*, 61 Wis. 602; *Hancock* v. *Hutcherson, supra; Parish* v. *Marten*, 15 Wis. 271.

The superior court was without jurisdiction to entertain the bill of review. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*