# Richmond

CHARLES R. CRADDOCK'S ADMINISTRATOR v. BLANCHE R. CRADDOCK'S ADMINISTRATOR.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Chinn, JJ.

The opinion states the case.

*Albert V. Bryan*, for the appellant.

*Charles Henry Smith* and *F. G. Duvall*, for the appellee.

EPES, J., delivered the opinion of the court.

On January 10, 1930, Charles R. Craddock instituted in the Corporation Court for the city of Alexandria a suit for divorce against his wife, Blanche R. Craddock, on the grounds of adultery; and on January 21st filed his bill. Process was duly served upon the defendant in person in the city of Alexandria on January 10th, but she made no appearance in the suit until after final decree had been entered. On March 1st the court entered its decree granting to the plaintiff a divorce *a vinculo* prohibiting either party from remarrying for six months, and awarding to the

plaintiff the custody of their infant children, Alice and Charles Craddock. The decree contains no provision as to the property rights of the parties.

This decree recites that the cause came on to be heard "upon bill of complaint, process duly executed and the depositions of Janet Coleman Craddock and Charles R. Craddock and the testimony of Charles R. Craddock and E. H. Howard taken *ore tenus* in open court."

The evidence taken *ore tenus* is not in the record as certified up, nor is there anything to show that it was reduced to writing.

The decree contains no recital that there was any notice to the defendant to take these depositions, or that the cause had been duly set for trial, or that there was any notice given the defendant that testimony would be heard *ore tenus*. There is in the record no notice or process of any kind served upon the defendant other than the summons to answer the bill; and neither the caption of the depositions nor the certificate of the notary state or tend to show that there was any notice given to take depositions.[1]

On May 23, 1930, Blanche R. Craddock filed her bill of review in said court praying that the decree of March 1st be set aside for error of law appearing on the face of the record. The only errors of law alleged which we need here notice are that it appears on the face of the record that the defendant was not given notice of the taking of the depositions or of the hearing of evidence *ore tenus*.

Charles R. Craddock demurred to the bill of review, and the cause came on to be heard on the bill of review, the demurrer, and an examination of the record in the cause. On June 17, 1930, the court entered its decree overruling the

---

[1] The amendment of section 6043 made by Acts 1930, chapter 280, page 705, approved March 24, 1930, had not been enacted at the time the decree for divorce was entered in this cause; but there is nothing in the record to show any facts which would have made that section, as amended, applicable had it been in effect.

demurrer and setting aside its decree of March 1, 1930, the material parts of which read:

"It appearing from the record * * * that the said Blanche R. Craddock was not given notice of the taking of said depositions or the taking of testimony in open court, and that under these circumstances the failure to give notice constitutes an error of law apparent on the face of the record and that the complainant is entitled to the relief prayed for. * * * The court doth adjudge, order and decree that * * * the decree of divorce heretofore entered in favor of Charles R. Craddock be vacated and set aside and the said Blanche R. Craddock be granted the right to file her answer and such other pleadings as she may be advised are necessary; (and) that the testimony in said case be retaken and entire proceedings in said suit reviewed, to which action of the court * * * defendant, by counsel, excepted."

On June 30, 1930, Charles R. Craddock shot and fatally wounded Blanche R. Craddock, and then shot and killed himself.

. On November 3, 1930, the administrators c. t. a. of the estate of Charles R. Craddock filed their petition and moved the court that the proceedings had on the bill of review be revived in their names and that of the administrator of Blanche R. Craddock, in order that they might prosecute an appeal to this court from the decree vacating and setting aside the decree of divorce.

In this petition it is alleged that the administrator of the estate of Blanche R. Craddock is contending that she survived Charles R. Craddock a short while; that the decree of divorce having been vacated and set aside, she was his wife at the time of his death; and that she was, therefore, entitled at her death to an one-third part of the personal property of which he died possessed. The petition further sets forth that Charles R. Craddock died owning a substantial amount

of personal property, but makes no mention of his owning any real property.

Upon a hearing on this petition the court found that the facts set forth in the petition were true; and entered its order reviving the "cause made by the said bill of review" in the names of the administrators of the estates of both parties. The cause is here on an appeal granted to the administrators of the estate of Charles R. Craddock from the decree setting aside the decree granting the divorce. The appeal presents two phases. The first presents the question, after the death of the parties, can this appeal be prosecuted?

■ We have then this case, and this question: A decree for a divorce *a vinculo* was rendered in favor of a husband against his wife, which carries with it, as a legal incident of the divorce, the extinguishment of her marital rights in his property. (Section 5111, Code Va. 1919, as amended by Acts 1927, Ex. Sess., chapter 85.) This decree has been vacated and set aside by a decree entered upon a bill of review filed by the wife for error apparent on the face of the record. Before the time for an appeal from the second decree expired, both the husband and wife have died. Did the whole cause of action so completely abate with the death of the husband (and of the wife) as to render an appeal from the second decree, in so far as it affected the property rights of the parties, unavailable to the heirs or personal representative of the husband?

There is some conflict on this question, and the answer presents difficulties whether it be yes, or no. However, the weight of authority and the better reasoning, we think, support the view that the heirs, devisees, personal representatives, or other person having an interest in the deceased husband's property which is affected by the decree setting aside the decree of divorce, may have the cause revived in their names and prosecute an appeal, notwithstanding the wife has also died since the decree was entered.

57 L. R. A. 583, at page 587 and 603, note; 12 L. R. A. (N. S.) page 891, note; 30 A. L. R. 1466, at page 1469 *et seq.*, note; 40 A. L. R. 1118, note. See also, *Cumming* v. *Cumming*, 127 Va. 16, 102 S. E. 572. The authorities on the subject are so fully collected, digested and reviewed in the notes above cited that we deem it not necessary to list or review them here.

In discussing a case in which the husband died after an appeal had been allowed him from a decree for divorce against him, the court in *Nickerson* v. *Nickerson*, 34 Or. 1, 48 Pac. 423, 54 Pac. 277, said: "* * * where the consequences of the divorce are such as affect the property rights of the parties to the suit, the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce within itself; but for the ascertainment of whether the property has been rightfully diverted from its appropriate channel of devolution."

That the same rule is applicable where death occurs before petition for appeal is filed, see authorities cited in above notes, among others *Chatterton* v. *Chatterton*, 231 Ill. 449, 83 N. E. 161, 121 Am. St. Rep. 339; *McNeil* v. *McNeil*, 95 C. C. A. 485, 170 Fed. 289; *Strickland* v. *Strickland*, 80 Ark. 451, 97 S. W. 659.

It has been said that though this is the rule where the death of one of the parties occurs pending an appeal from a judgment or decree granting a divorce, the rule is otherwise where a divorce has been refused. 57 L. R. A. page 603, note. This may be true where the appeal is from a decree refusing a divorce entered in the original suit, though we do not here pass upon that question. But where the decree in the original suit granted a divorce and the appeal is from a decree, entered upon a bill of review, setting aside the di-

vorce decree, we see no good reason why the rule above stated should not be applied.

This brings us to the second phase of the appeal, which presents the major question here involved: Did the trial court err in holding that there was error apparent on the face of the record, and in setting aside the decree of divorce on that ground?

The appellant contends that the court erred in this respect for the following reasons:

(1)  The error alleged was not apparent on the face of the record.

(2)  The error alleged, if apparent on the face of the record, was not sufficient in law to justify the vacation of the decree for divorce.

(3)  No exception was taken to the alleged errors in the original cause.

Before entering upon a discussion of these assignments of error, it will be helpful to see what an appeal in chancery is, and what constitutes the record in a chancery cause.

An appeal in a chancery cause brings up the whole case for determination *de novo* upon the record (the whole record) made in the trial court, but under the Virginia statutes permits the consideration of nothing extraneous the record, and under the rules of this court the issues which will be determined on an appeal are generally limited to those raised in the assignments of error made. The determination *de novo* is also subject to certain statutory provisions and rules of the common law which operate to prevent consideration on appeal of certain questions which were not raised in the trial court, and to the rule that in determining issues of fact the judgment of the chancellor thereon is given much persuasive force.[2]

---

[2] *Wiscart* v. *Dauchy*, 3 Dall. (U. S.) 321, 327, 1 L. Ed. 619; *U. S.* v. *Goodwin*, 7 Cranch (U. S.) 108, 3 L. Ed. 284; *Dower* v. *Richards*, 151 U. S. 658, 14 S. Ct. 452, 38 L. Ed. 305; *Nat. Bank of Commerce* v. *Rockefeller*, 98 C. C. A. 8, 174 Fed. 22, 29; *Springer's Adm'rs* v. *Springer*, 43 Pa. St. 518, 519; *Rand* v. *King*, 134 Pa. St. 641, 645, 19 Atl. 806; *Nickey* v. *Leader*, 235 Mo. 30, 138 S. W. 18;

■ The Virginia statutes and cases (with some lapses due probably to oversight) from the earliest times have preserved the distinction between a writ of error in a common-law cause and an appeal in a chancery cause, but there is little discussion of the distinction in the Virginia cases. However, the cases decided by this court will repeatedly reveal a difference in the principles controlling the two proceedings, and we think will be found to support the statements in the paragraph above. Examples of cases revealing to some extent the difference are *Barnard* v. *Barnard*, 132 Va. 155, 111 S. E. 227, and *Southall* v. *McKeand*, 1 Wash. (1 Va.) 336, 338.

■■ The record in a chancery cause is the same thing whether it is to be examined on a bill of review or on an appeal;[3] and in either case it is simply the record, and all the record, made in the cause in the trial court. It includes the pleadings and exhibits filed therewith, the depositions, documents introduced in evidence, commissioner's reports and papers filed as a part thereof, or returned therewith as shown by the reports, the exceptions thereto, stipula-

*Western, etc., Works* v. *Leavenworth*, 52 Neb. 418, 72 N. W. 592. *In re Murdock*, 7 Pick. (Mass.) 303; *The Land Mortg. Co.* v. *Faulkner*, 45 S. C. 503, 508, 23 S. E. 516, 24 S. E. 288. See, also, *Barnard* v. *Barnard*, 132 Va. 155, 111 S. E. 227; *Norfolk County* v. *Portsmouth*, 124 Va. 639, 98 S. E. 755; *Cent. Trust Co.* v. *Chattanooga, etc., Co.*, 36 C. C. A. 241, 94 Fed. 275; *Ohman* v. *Ohman*, 233 Ill. 632, 84 N. E. 627; 3 C. J. (Appeal and Error), 314 *et seq.*

[3] There are statements in the authorities which would seem to indicate that the record in a chancery cause is one thing when it is being examined on a bill of review, and another thing when being examined on an appeal. 21 C. J. (Equity) section 900. But we think that upon analysis it will be seen that the difference is not in what constitutes the record, but in what questions may be considered in these two proceedings. Generally speaking, "Subject to the rule that error of fact cannot be reached by bill of review, a court on such a bill will revise, correct, or reverse its own decree for error apparent upon the face thereof, whenever a court of appeals would do so for the same cause." Hogg's Eq. Pro. (Carlin) section 237, page 327; *Powers* v. *Howard*, 131 Va. 275, page 278, 108 S. E. 687; *Barnhardt* v. *Smith*, 150 Va. 1, 142 S. E. 424, and cases cited below in note 4.

For case in which error, if any, held not to be error of law for which bill of review lies, see *Stowe* v. *Rison*, 152 Va. 842, 148 S. E. 687.

In considering questions arising under section 6333, Code Va. 1919, it would seem to be important to bear in mind whether review by the appellate court would be upon writ of error or upon an appeal.

tions of the parties, and the decrees entered; and also all processes and notices served and returned in connection with the proceedings had and the returns thereon, orders of publication and certificates showing the making of the publications ordered, and every other paper technically filed in the cause and/or considered by the court, or which any party sought to introduce as a part of the record which the decrees show were rejected by the court.[4]

In *Dilworth* v. *Curts*, 139 Ill. 508, 29 N. E. 861, 864, the court, in referring to the record upon an appeal in a chancery suit, says: "The stipulation, after having been executed, was filed, with the bill, answer and replication as one of the papers which constituted the files in the cause. The bill, answer, replication, and all exhibits to the bill and answer and depositions taken in the cause, and other papers filed in the cause as a part thereof, became a part of the record without being preserved by certificate of evidence. (*Bressler et al.* v. *McCune et al.*, 56 Ill. 481; *Stevison* v. *Earnest*, 80 Ill. 513, which lay down the correct rule on this subject.) It is there said: 'Our practice with regard to the making of records of judgments is different from that which obtained at common law. The papers of a case, when filed under our statute become a part of the record as fully as if copied into the record book of the court. (*Harding* v. *Larkin*, 41 Ill. 423.) And transcripts of the record are made by copying the files and the orders of the court as entered of record by the clerk.' ".

It is commonly provided by statute or rule of court that certain parts of the record need not be copied

<hr>

[4] *Braxton* v. *Lee's Heirs*, 4 Hen. & M. (14 Va.) 376; *Wroten's Assignee* v. *Armat*, 31 Gratt. (71 Va.) 228, 260; *Rawling's Ex'r* v. *Rawlings*, 75 Va. 76; *Hancock* v. *Hutcherson*, 76 Va. 609; *Pracht* v. *Lange*, 81 Va. 711; *Daingerfield* v. *Smith*, 83 Va. 81, 1 S. E. 599; *Beatty* v. *Barley*, 97 Va. 11, 32 S. E. 794; *Sharp* v. *Shenandoah, etc., Co.* 100 Va. 27, 40 S. E. 103; *Valz* v. *Coiner*, 110 Va. 467, 66 S. E. 730; *Scott* v. *Scott*, 142 Va. 31, 128 S. E. 599; *Middleton* v. *Selby*, 19 W. Va. 167; *Garten* v. *Layton*, 76 W. Va. 63, 84 S. E. 1058; *Turner* v. *Turner*, 193 Ala. 424, 69 So. 503; *Hall* v. *Hall*, 93 Fla. 709, 112 So. 622; *Dilworth* v. *Curts*, 139 Ill. 508, 29 N. E. 861; Hogg's Eq. Pro. (Carlin) sections 228, 229, 237; Fletcher Eq. Pl. & Pr., pages 735-739, and note 73.

and certified up on appeal (sections 6340, 6342, Code Va. 1919); but such statutes or rules of court do not have the effect of excluding the things mentioned from the record. They only relieve the necessity of copying them into the transcript of the record, unless they are material to the issue raised on appeal. If they are not copied, but are material to the issue, either party may have a *certiorari* to bring them up. Section 6345, Code Va. 1919. In so far as the citation of section 6, chapter 182, Code 1849 (from which section 6340, Code 1919, is taken), in *Hill* v. *Bowyer*, 18 Gratt. (59 Va.) 364, may seem to suggest a view contrary to that here expressed, we think, the suggestion is not well made.

Generally what does not appear from the record to have been done was not done.

It is said that there are some purely formal steps which the court ordinarily will presume to have been taken, unless the record affirmatively shows that they were not taken; as for instance, that the proper proceedings were had at rules and that the cause was regularly matured and set for hearing, or that continuances and adjournments of the several proceedings in the cause were regularly had. However, in cases where this has been held, there is often a statute or some positive rule of law which is determinative of the question, rather than the presumption which is said to exist. See *Lange* v. *Jones*, 5 Leigh (32 Va.) 192, citing statute referred to in note 6 hereto, and *Quarrier* v. *Carter's Rep.*, 4 Hen. & M. (14 Va.) 242. But even in such cases the better practice is to have the decrees show on their face that such steps were taken. *Quarrier* v. *Carter's Rep.*, 4 Hen. & M. (14 Va.) 242; Fletcher's Eq. Pl. & Pr., page 738; Hogg's Eq. Pro. (Carlin) section 605.

Where, if the record in a chancery cause should affirmatively show that a certain step or proceeding was not had, it would constitute reversible error, generally the record

must affirmatively show (either by a recital in the decree or by some written memorial which is a part of the record and competent to speak upon the subject) that such step was taken or proceeding had. If it does not, the record shows on its face that such step was not taken or proceeding had, because, generally speaking, nothing is done in a chancery cause which the record does not show to have been done.

There are cases in which language is used which seems to controvert this statement. For instance, in *Hill* v. *Bowyer*, 18 Gratt. (59 Va.) 364, it is said: "In the absence of objection in the court below, an appellate court would presume that notices to take depositions were duly given, the contrary not appearing." But upon analysis of the cases it will be seen in most instances that the real question determined, or the real basis for the decision, was not that where the record is silent on the subject it does not appear on the face of the record that the step was not taken.[5] The real basis for the decision was one or the other of the following things: (1) the failure to take the step did not constitute error;[6] or (2) that because of some statutory

[5] *Tompkins* v. *Wiley*, 6 Rand. (27 Va.) 242 is a common-law cause.

[6] There is much authority for the rule that after a bill has been taken for confessed either for want of appearance or of pleadings the cause may be thereafter proceeded with *ex parte* as to such defendant, and that he is not entitled to notice of further proceedings, unless the decree *pro confesso* has been set aside, or the court directs that notice be given him of a particular step, as for instance, the taking of an account before a commissioner. 21 C. J. (Equity) page 791 citing cases from the United States courts, Ala., Fla. Maine, Mass. and Pa.; Fletcher Eq. Pl. & Pr., sections 145, 146 and 150; 21 C. J. (Equity) page 798, note 68; Equity Rules U. S. Sup. Ct. (1928), rule 16; *Frow* v. *De La Vega*, 15 Wall. (U. S.) 552, at page 554, 21 L. Ed. 60. Where this rule prevails it is the fundamental principle covering many of the cases which use the language that objections to procedure may not be raised for the first time in the appellate court.

We have found no Virginia case expressly holding that after a decree *pro confesso* the cause may be proceeded in *ex parte*. But in *Hill* v. *Bowyer*, 18 Gratt. (59 Va.) 364, *Gills* v. *Gills*, 126 Va. 526, 101 S. E. 900, and *Coffman* v. *Sangston*, 21 Gratt. (62 Va.) 263, 270, 271, it is said that where a defendant who has been served with process fails to appear, and a decree *pro confesso* is taken against him, he may not on bill of review (or appeal) object to lack of notice of the taking of depositions or of the taking of accounts before a commissioner, unless the objection was made in the trial court. If this be the law in Virginia, it is tantamount to holding that after a decree *pro confesso* the cause may be proceeded in *ex parte*.

or common law rule the court was prohibited from reversing the decree for such cause after final decree;[7] or (3) that the party raising the objection had, expressly or impliedly, waived the objection or was otherwise estopped from raising the objection;[8] or (4) that though the recitals in the decree, or in a commissioner's report, did not expressly state that a step (such as the giving of notice) was taken, there were recitals contained in or facts proven in the record from which it could be reasonably inferred as a fact that it was done.[9]

The clerk certifies that the record sent up "constitutes a true and exact copy of the record in the case of *Blanche R. Craddock* v. *Charles R. Craddock,* and the case of *Charles R. Craddock* v. *Blanche R. Craddock.*" An examination of the record certified up shows that it does not contain the omissions authorized by section 6339 and section 6340 of the Code. There has been no suggestion here that it does not contain all the record that was made in the lower court; no application for a *certiorari* under section 6345 has been made; and the whole case has been proceeded in by the parties upon the theory that the whole record made in the trial court in the original suit has been certified up. It is then conclusively to be presumed that the *whole* record is here before us.

---

[7] Examples of such statutes are sections 6331 and 6332, Code 1919. Section 6332, which was first enacted in 1827, was somewhat changed in its phraseology between 1849 and 1887, and as it now reads provides in part as follows:

"* * * when it appears that there was a full and fair hearing on the merits, and that substantial justice has been done, a decree shall not be reversed for want of a replication, although the defendant may not have taken depositions; nor shall it be reversed for any informality in the proceedings, at the instance of a party who has taken depositions." See Acts 1827-28, page 20; Code 1849, chapter 181, section 4; Code 1887, section 3450; *Peters* v. *Neville's Trustee,* 26 Gratt. (67 Va.) 549; *Simmons* v. *Simmon's Adm'r,* 33 Gratt. (74 Va.) 451, and *Swecker* v. *Swecker,* 87 Va. 305, 12 S. E. 1056, all fall within the purview of this statute.

[8] *White's Ex'rs* v. *Johnson,* 2 Munf. (16 Va.) 285; *Dickenson* v. *Davis,* 2 Leigh (29 Va.) 401; *Shenandoah Valley Nat. Bank* v. *Shirley,* 26 W. Va. 563.

[9] *Winston* v. *Johnson's Ex'rs,* 2 Munf. (16 Va.) 305; *Coffman* v. *Sangston,* 21 Gratt. (62 Va.) 263, 270; *Gills* v. *Gills,* 126 Va. 526, 101 S. E. 900.

The record does not show on its face that notice was given the defendant, Blanche R. Craddock, of the taking of depositions or of the introduction of testimony *ore tenus* before the court, nor any recital or fact or circumstance from which it may be inferred that any such notice was given. It, therefore, appears on the face of the record that no such notice was given.

The next question is, does the fact that no notice was given of the taking of the depositions or of the introduction of testimony *ore tenus* constitute reversible error?

We shall consider first the question of the failure to give notice to. take depositions. The relevant sections of the Code so far as they are here material, read:

Section 5106 of chapter 205, as amended by Acts 1928, chapter 126, relating to divorces: "Such suit shall be instituted and conducted as other suits in equity, except that the bill shall not be taken for confessed, nor shall a divorce be granted on the uncorroborated testimony of the parties, or either of them; and, whether the defendant answer or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise; and no process or notice in such proceedings shall be served in this State, except by officers authorized to serve the same; * * *."

Section 6042: "In a suit for divorce the summons to commence the suit and notices for the taking of depositions, or for any other purpose, shall be served only by the sheriff of the county, or the sheriff or sergeant of the city, or the deputies of either, in which the service is sought to be had," except that in certain cases service may be made by the coroner.

Section 6228: "Reasonable notice in writing shall be given to the adverse party of the time and place of taking every deposition."

Whatever may be the rule in Virginia as to whether

a suit in which the bill has been taken for confessed may be proceeded with *ex parte* (see note 6, *ante*), where, as in a divorce suit, for reasons of public policy it is provided that the bill shall not be taken for confessed as against any party, the suit cannot be proceeded with *ex parte* as to that party whether the defendant has appeared or not, unless there is statutory authority therefor.

■ There are two Virginia statutes (section 6043 and section 6071) which authorize, under certain conditions, the taking of depositions without notice to the defendant; but neither of them has any application to the facts in this case; and the pertinent part of section 6043 was not enacted until after final decree in this cause had been entered. This being true, the defendant in this suit was entitled to notice of the taking of depositions, regardless of the fact that she had not and did not appear in the suit.

■ A defendant who appears and defends a suit upon the merits waives all objections to matters of procedure to which he has not theretofore made or does not then make objection, and, therefore, under such circumstances he cannot raise objections to the proceedings for the first time upon a bill of review or appeal. This rule is a well settled general rule applicable both at law and in chancery, which is very clearly expressed in the common-law case of *Bernard* v. *Brewer*, 2 Wash. (2 Va.) 77 (see, also, section 6332, quoted in note 7, *ante*); but it has no application where there has been no appearance. In such a case there is nothing upon which to base a waiver.

"The general doctrine that where a party does not appear he waives nothing is well settled; but this means nothing impeaching the jurisdiction or authority of the court, and nothing in the way of objections to the proceedings and the competency or sufficiency of evidence on the part of plaintiff." 4 C. J. (Appeal and Error), page 1372.

As has been suggested above, we are of opinion that the

rule which forbids the making of objections to matters of procedure for the first time in the appellate court rests upon other bases than a presumption that such error in procedure did not exist. But if we be in error as to this, and the rule be based upon such presumption, it cannot be properly applied where the statute provides that the bill shall not be taken for confessed, and the record shows on its face that there had been no appearance and that depositions were taken without notice, unless there be a statute authorizing *ex parte* procedure. For, as pointed out in note 6, *ante*, to so hold is tantamount to holding that the cause was properly proceeded with *ex parte*. In addition to this, the public policy bespoken by the Virginia statutes relating to divorce forbids its application under such circumstances in a divorce suit.

Section 5109, Code 1919, which permits the taking of testimony *ore tenus* in a divorce suit, reads as follows:[10]

"In any suit for divorce the trial court may require the whole or any part of the testimony to be given orally in open court, and if either party desires it, such testimony and the rulings of the court on the exceptions thereto, if any, shall be reduced to writing, and the judge shall certify that such evidence was given before him and such rulings made. When so certified the same shall stand on the same footing as a deposition regularly taken in the cause."

While this section does not specifically require notice to the defendant that testimony will be introduced *ore tenus*, we think that the plain intendment of the statute is that notice shall be given; and that where under this statute testimony is introduced *ore tenus* the party against whom it is introduced is entitled to the same notice to which he or she would have been entitled if the testimony had been introduced by depositions.

---

[10] Acts 1930, chapter 132, page 346 (section 6228a, Michie's Code 1930) which authorizes the taking of testimony *ore tenus* in any suit (except for the sale of lands of infants and insane persons) had not been enacted when final decree in this suit was entered.

The well established equity practice in Virginia is, and has been from the earliest times, not to require the parties to convene, as in an action at law, their witnesses at the place of hearing by the court. If this statute be construed to permit either party to introduce *ore tenus* at the hearing any testimony he or she may desire without notice to the other party, the inevitable result is that each party must adhere to the requirement of the common-law practice, and when the cause is set for trial have all of his or her witnesses present, lest the testimony introduced by the other party should render it necessary to introduce further testimony on his or her part. It is not to be presumed that the General Assembly intended to make by implication so radical (and, we think, questionable) a change in the established chancery practice of this State by permitting in exceptional cases the introduction of testimony *ore tenus*. This view is also to some extent confirmed by the language of the statute that when the testimony taken *ore tenus* has been reduced to writing and certified by the judge "the same shall stand on the same footing as a deposition regularly taken in the cause." If the statute provided, as does the present Equity Rule 46 of the U. S. Supreme Court (28 U. S. C. A. section 723), that all testimony in a chancery cause shall be taken orally in open court, except as otherwise provided by statute or the rules of court, the interpretation of the statute, perhaps, would be otherwise. But section 5109 (as did old U. S. Equity Rule 67, which was superseded by new Rule 46) makes the taking of testimony *ore tenus* merely permissive, and clearly contemplates that the taking of testimony in such manner shall be the exception, not the rule. Under old U. S. Rule 67, it was provided that notice should be given the other party of the intention to introduce testimony *ore tenus*.

But further than this, when the other sections of the Code relating to divorce are read in connection with section

5109, the public policy bespoken by them forbids that section 5109 be construed to authorize by implication the introduction of testimony *ore tenus* without notice to the other party, certainly where he or she has not appeared.

It is said that the rule is that a party served with process must take notice of and is charged with notice of all proceedings had in the cause. But this rule has no proper application to a case in which the statute prohibits the entry of a decree except upon evidence to prove the bill, and no notice has been given the party that depositions will be taken or that testimony will be introduced *ore tenus*. In such a case the defendant may properly rely upon the assumption that the cause is not being proceeded with until he or she has notice that evidence will be taken.

The trial court was clearly right in holding that the record on its face showed that notice had not been given either of the taking of the deposition of Janet Coleman Craddock or of the introduction of testimony *ore tenus;* and that this constituted reversible error of law appearing on the face of the record.

The decree states that the cause was also heard upon the deposition of Charles R. Craddock, the husband. No such deposition is found in the record as certified up; but it is not material here to consider the effect of the recital in the decree that the cause was also heard upon such a deposition; because being the deposition of the husband it alone could not sustain the decree (section 5106, Code Va. 1919), and there was no other evidence properly before the court. Even upon a bill of review the evidence in the cause may be reviewed to ascertain whether there is any evidence in the cause upon which the decree could be based. 21 C. J. (Equity) page 750, note 91; *Middleton* v. *Selby,* 19 W. Va. 167; *Garten* v. *Layton,* 76 W. Va. 63, 84 S. E. 1058.

For the reasons above stated the decree appealed from will be affirmed.

*Affirmed.*