**J. L. SAUNDERS, INC. t/a Be-Lo Supermarket #78, Plaintiff,**

**v.**

**UNITED STATES of America et al., Defendants.**

**Civ. A. No. 777–70–N.**

United States District Court, E. D. Virginia, Norfolk Division.

June 28, 1971.

Joseph E. Baker, Norfolk, Va., for plaintiff.

William T. Mason, Jr., Asst. U. S. Atty., Norfolk, Va., for defendants.

OPINION AND ORDER

KELLAM, District Judge.

Plaintiff was granted the right to participate in the Food Stamp Program

under the Food Stamp Act of 1964, Title 7 U.S.C. § 2011 and subsequent sections. On or about September 15, 1969, plaintiff was informed it had violated the regulations governing the Food Stamp Program. Following a hearing (limited in many ways) plaintiff was informed it had been found in violation of the regulations and disqualified from participation in the Program for a period of six months. Subsequently, the plaintiff filed this action. The questions here dealt with are:

(a) Is plaintiff entitled to a trial by jury?

(b) What is the procedure for a "de novo hearing?"

(c) The procedure to be followed.

This action is filed pursuant to Title 7 U.S.C. § 2022, which provides in part:

Whenever—

(b) a retail food store or a wholesale food concern is disqualified under the provisions of section 2020 of this title * * * the store or concern * * * may obtain judicial review thereof by filing a complaint against the United States in the United States district court for the district in which he resides or is engaged in business, * * *. The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. * * * ,

The legislative history of this Act gave no insight into the questions involved except what the language itself sets forth. 1964 U.S.Code Cong. and Adm. News, p. 3275. Three cases have been decided under the provisions of Title 7 U.S.C. § 2022, namely, Save More of Gary, Inc. v. United States, 309 F.Supp. 39 (N.D.Ind.1970); Peoples v. United States Department of Agriculture, 138 U.S.App.D.C. 291, 427 F.2d 561 (D.C. Cir. 1970); and Marbro Foods, Inc. v. United States, 293 F.Supp. 754 (E.D.Ill. 1968). None of these cases deal with the questions at hand. In *Save More* and *Marbro*, motions for summary judgment by defendant were granted, and in *Peoples* the district court dismissed the complaint, with the Circuit Court merely reversing that determination. Hence, none of these cases, as reported, reached the trial level. In *Peoples*, the court did go so far as to say:

The specific review provisions in 7 U. S.C. § 2022 both avoided any possibility that the distributors would be held without a legal right to complain of adverse agency action, and gave them a trial de novo well beyond the scope of review available under the general provisions of the Administrative Procedure Act. See 5 U.S.C. § 706(2) (F).

Other authority for a denial of a jury in this sort of proceeding may be found in 5 C.J.S. Appeal and Error, § 1532, where it reads:

As a general rule trials by jury are not allowed on trials de novo in the appellate court; but the court may prepare issues of fact for submission to a jury, or order a jury trial on material issues of fact.

The three issues are rather closely related, and hence are dealt with jointly. The United States is a party to the proceedings. Except where specifically provided, in actions against the United States, the matter is to be heard by the Court without a jury. The Code of Federal Regulations—7 C.F.R. 1603.-10(c)—provides that in suits in the district court, the suit shall "be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." Title 5 § 701, et seq. U.S.C., the Administrative Procedure Act, providing for review of agency decisions, makes no provision for a jury trial at such a review. The Court's attention has not been called to any case decided under the

Food Stamp Act, or the Administrative Procedure Act granting a trial by jury.

Under Title 7 U.S.C. § 499f and related sections, dealing with a similar action in the district court contesting action of the United States Department of Agriculture, the cases hold that in the district court hearing the court is not limited to the evidence presented in the administrative proceedings, or the defenses raised there. See E. J. Harrison & Son, Inc. v. Costin, Civil Action 638-70-N, United States District Court at Norfolk, and cases cited.

In Vol. 73 C.J.S. Public Administrative Bodies and Procedure § 203, page 554, subject "Trial de Novo," the author says:

> Where a trial de novo is authorized or required, the appeal from the administrative determination does not partake of the nature of a certiorari, nor, it has been held, does the court act as a reviewing or appellate court in any sense; but a trial is conducted in the same manner as though the action had originated in the court. On such a review, the court is not bound by the administrative body's fact findings or conclusions of law, and it is required that the court exercise its own independent judgment as to both the law and the facts on the evidence presented to it and the record made before it. Under some statutes, however, the "trial" which is required does not mean a trial as of the ordinary civil suit in which the court makes its own findings based on a preponderance of the evidence before it, but the court is to determine, from all the evidence before it, whether the administrative body's action is reasonably supported by substantial evidence. It has also been held that the de novo review must not proceed as though the administrative body did not exist and had never held a hearing, and that due deference should be given to the action of such body. In view of some statutory provisions no

formal pleadings should be required on appeal from an order of an administrative agency.

A hearing de novo by a court of an administrative determination will be tried as any other civil action when the statute does not prescribe the procedure to be followed or limit the scope of the determination to be made. The issues to be determined are those raised by the pleadings and not those raised before the officer or body.

In Spano v. Western Fruit Growers, 83 F.2d 150 (10th Cir. 1936), that Court said of "trials de novo:"

> Trial de novo is generally held to mean a trial anew of the entire controversy, including the hearing of evidence as though no previous action had been taken. *Id.* at 152. (cited cases omitted)

*See also*, Words and Phrases, "Trial de novo;" 5 C.J.S. Appeal and Error §§ 1524–1532, pp. 988–1025; Craddock's Adm'r v. Craddock's Adm'r, 158 Va. 58, 163 S.E. 387 (1932). Thus if it were the intent of Congress to actually provide for a trial de novo in the traditional sense, it would seem that the burden to proceed and the burden of proof would be on the plaintiff, Saunders. *See* 73 C.J.S. Public Administrative Bodies and Procedure § 203, pp. 552–554.

The *Marbro* case, *supra*, is somewhat inconsistent with the provisions of part of 7 U.S.C. § 2022, where it is said that if "the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence," as that court held:

> The scope of judicial review for administrative decisions made under the Food Stamp Program was limited by Congress to a determination as to whether the agency's decision is valid. * * * Findings of an administrative agency are to be accepted upon

judicial review unless they are unsupported by substantial evidence.

 I am of the opinion that the parties (a) are not entitled to a trial by jury, (b) by a trial de novo, plaintiff is not limited to the evidence presented at the administrative hearing, (c) Saunders will proceed as plaintiff to show he has been improperly barred from participating in the Food Stamp Program, and when shown, (d) the United States will have the burden of showing good cause for disqualifying Saunders.