## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Debra Lynn McCoy

v.

City of Virginia Beach School Board et al.

December 3, 1981

Case No. L-11,654

By JUDGE AUSTIN E. OWEN

This matter was before the court on November 23, 1981, after due notice, to be considered upon the pleas of the Statute of Limitations filed by each of the defendants other than Skutt Manufacturing, Inc. After considering argument of counsel, the court took the matters under advisement.

The Motion for Judgment claims damages for personal injuries allegedly sustained by the plaintiff on December 12, 1978. The Motion for Judgment also alleges that the plaintiff was born on July 28, 1961 and thus was, on December 12, 1978, an infant. The Motion for Judgment was filed on Tuesday, July 28, 1981. The preceding day was not a legal holiday.

There is no disagreement between plaintiff and defendants that the subject action is governed by the 2-year limitation set forth in Code of Virginia § 8.01-243. Code of Virginia § 8.01-229 provides that: "The time during which he (an infant) is within the age of minority shall not be counted as any part of the period within which the action must be brought." That section also provides as to an infant that: "Such person may bring it (an action) within the prescribed limitation period after such disability is removed."

It follows that in accord with the foregoing and Section 8.01-230, the cause of action accrued on December

12, 1978, and but for the infancy of the plaintiff would have been barred after the last moment of December 11, 1980.

The issue on these pleas relates to the question as to how long the Statute of Limitations was tolled or extended because of plaintiff's infancy. In that regard it should be noted that Code of Virginia § 1-10 provides that the Common Law of England shall continue in full force and be the rule of decision except as altered by the General Assembly or as it may be repugnant to the principles of the Bill of Rights and Constitution of this State. As clearly reflected in the annotation collected in 5 A.L.R.2d at pages 1143 et seq., "Common law jurisdictions uniformly compute attained age by including the date of birth, with the result that one is deemed in law to have reached a given age at the earliest moment of the day preceding an anniversary of birth." It follows that at common law the plaintiff in the subject action reached the age of majority (18 years) at the earliest moment on July 27, 1979.

No argument has been made that the application of this common law principle is repugnant to the principles of the Bill of Rights and the Constitution of this State. Counsel for plaintiff does argue that the common law principle has been changed by the General Assembly by virtue of the enactment found in Code of Virginia § 1-13.3.

The court has been directed to no Virginia decision directly on point but portions of the opinion of Judge Burks in the case of *Johnson* v. *Merritt*, 125 Va. 162, 175, 176, 99 S.E. 785 (1919), are pertinent:

> There was no such thing as a limitation of actions at common law. The right is wholly statutory, and there are no exceptions to the statute except those made by the statute itself. (Authorities omitted). . . The peace of society demands that there should be, at some time, an end put to litigation. . . It is better than an individual should, in exceptional cases, suffer wrong, than that a community should be kept in turmoil.

It is likewise pertinent that on at least two occasions, when an exact computation was not in issue, the Supreme Court of Virginia has, in dictum, indicated that

a person becomes twenty-one years of age on the 21st anniversary of birth. In *Hancock* v. *Hutcherson & wife*, decided August 3, 1882, and reported in 76 Va. 609, 612, the Court said: "The bill alleges that the plaintiff was born on the 6th of February, 1855, and consequently was twenty-one years of age on the 6th of February, 1876. Under the saving of the statute, she was allowed three years to file her bill of review after her disability was removed, that is, three years after the 6th of February, 1876." Likewise, in *Hurdle* v. *Prinz*, *et al.*, decided June 10, 1977, and reported in 218 Va. 134, 136, the Court, after noting that Gail D. Hurdle was born July 13, 1954, said: "Her suit was filed on September 10, 1974, more than two years after she reached the age of 18 on July 13, 1972."

Inasmuch as the exact date of majority was not essential to the determination of either of the two cases above-mentioned, the language employed by the court should be considered in the light stated in 5 A.L.R.2d, 1143, note 1, as follows: "Where the case at bar does not turn on a pin-point computation of time, courts frequently follow popular usage and speak of attaining a given age on the anniversary of birth."

It is the finding and conclusion of this court that the common law principle for computation of attained age remains in effect in Virginia. Thus, the plaintiff attained the age of 18 years at the earliest moment on July 27, 1979, and had that entire day as one of the days within which the subject action could have been instituted by her as an adult. Giving full force and effect to the provisions of Virginia Code § 1-13.3, that day of majority, July 27, 1979, is not counted and is excluded in computing the two-year Statute of Limitations and two years is allowed *in addition* to July 27, 1979.

Virginia Code § 8.01-243 mandates that the action "shall be brought within two years next after the cause of action shall have accrued." Virginia Code · § 1-13.3 provides that when a statute requires an "act to be done within a certain time *after* any event. . . that time shall be allowed in addition to the day on which the event . . . occurred." As above noted, the statute required this action be instituted within two years next after it accrued or after the attainment of the age of majority.

That two-year period, then, commencing at the earliest moment on July 28, 1979, expired with the last moment

of July 27, 1981. This suit, filed in the Clerk's Office on July 28, 1981, was filed after the expiration of the statutory period. The pleas of the Statute of Limitations are, therefore, sustained, and the suit dismissed as to each defendant filing such plea.