## CIRCUIT COURT OF WISE COUNTY

O. Gene Dishner,
Director of the Department
of Mines, Minerals and Energy,
Commonwealth of Virginia

v.

Kenny Roberts et al.

October 13, 1989

Case Nos. C86-13 and C89-241

By JUDGE J. ROBERT STUMP

The Director of D.M.M.E. filed a Bill of Complaint on January 8, 1986, against Kenny Roberts alleging illegal surface mining activities without necessary permits and bonds and requested reclamation of the disturbed areas.

Roberts moves the court to vacate a default judgment order for lack of personal jurisdiction. The Court considered *ore tenus* evidence, briefs, and oral argument and makes the following findings of fact and conclusions of law.

The Proof of Service filed by a Wise County Deputy Sheriff shows on January 11, 1986, that he delivered a "summons" to "Annita Roberts, her being the sister of Kenny Roberts and a member of his family over the age of 16 years found at his place of abode."

Kenny Roberts testified that he had no knowledge of and did not receive the Bill of Complaint, nor copy of subpoena in chancery; he has no sister named Annita Roberts; during January, 1986, he was living in Cumberland, Kentucky (not Wise County, Virginia) with his sister Tammy; and he lived with, but was not married to, Anita Waugh during 1984, 1985, 1986, and now.

Therefore, based on the above facts, the Court finds that substituted service of process allegedly obtained on Kenny Roberts was defective pursuant to Va. Code Section 8.01-296(2)(a).

However, on August 8, 1988, this case was revised and Kenny Roberts was personally served by the sheriff with a copy of "Motion for Decree of Default Judgment," and "Notice of Hearing" on the motion scheduled for October 4, 1988.

On October 4, 1988, Kenny Roberts did not appear at the hearing, and the Court entered a default decree against him. On October 6, 1988, an attested copy of the court decree was personally served on Kenny Roberts. Roberts attacks this decree for lack of personal jurisdiction and testified that he does not remember being personally served with the said motion, notice, and order.

On March 2, 1989, Kenny Roberts, by his attorney, filed an answer to a show cause order personally served on him. However, Roberts did not enter a special appearance objecting to the Court's jurisdiction. Roberts has obtained three continuances of the show cause hearing without appearing specially.

On June 15, 1989, Roberts filed a Bill of Complaint, C89-241, against the Director (which case has been consolidated herein) attacking the October 4, 1988, default decree for lack of personal jurisdiction.

Therefore, based on the above facts, the Court finds:

(1) Personal service of the subsequent "Notice of Hearing," "Motion for Decree of Default Judgment," and "Decree of Default Judgment" perfects personal jurisdiction on Kenny Roberts.

Roberts had two months' personal notice of the default hearing and twenty-one days after the entry of the decree to protect his interests. He failed to do anything and cannot now complain of no jurisdiction, notice, nor that his constitutional or statutory rights have been violated. He sat on and waived his rights. Judicial proceedings must be granted a certainty of result and a high degree of finality. There is no fraud alleged by Roberts, and the Court had a right to presume it had jurisdiction (through substituted service of process) and certainly had personal jurisdiction of Roberts at the default hearing.

(2) Roberts has waived any jurisdictional defects by entering a general appearance (not appearing specially, objecting to the jurisdiction) when he filed an answer to the show cause order *Craddock v. Craddock*, 158 Va. 58, 163 S.E. 387 (1932), and requesting several continuances, *Rust v. Indiana Flooring Co.*, 151 Va. 845, 145 S.E. 321 (1928).

Wherefore, the Court dismisses Roberts's Bill of Complaint in C89-241, affirms the default decree dated October 4, 1988, and schedules the show cause action for contempt on December 12, 1989, at 9:30 a.m.